# EXHIBIT A

6483218v.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------x

TAL PROPERTIES OF POMONA, LLC

        Plaintiff,

  - against -

VILLAGE OF POMONA, DORIS F. ULMAN, Individually and as Attorney for the Village of Pomona, BRETT YAGEL, Individually and as Mayor of the Village of Pomona, LEON HARRIS, Individually and as Deputy Mayor of the Village of Pomona, IAN BANKS, as Trustee of the Village of Pomona, ALMA SANDERS ROMAN, as Trustee of the Village of Pomona, NICHOLAS WILSON, as Trustee of the Village of Pomona, LOUIS ZUMMO, as Building Inspector of the Village of Pomona, and P. JOSPEPH CORLESS

        Defendants.

------------------------------------x

Index No.:

SUMMONS

The Plaintiff designates Rockland as the County for trial.

The basis of the venue is: Plaintiff's business address

Plaintiff's business address: 39 Main Street, Monsey, NY

To the above named Defendants:

**You are hereby summoned** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's Attorney within **twenty (20) days** after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: White Plains, New York
      March 16, 2017

Yours, etc.
JOSEPH A. MARIA, P.C.
By: _____
Joseph A. Maria
Attorney for Plaintiff
301 Old Tarrytown Road
White Plains, NY 10603
Tel: 914-684-0333
File No.: 08-0638

TO: The Village of Pomona
100 Ladentown Road
Pomona, NY 10970

Doris F. Ulman, Esq.
134 Comp Hill Road
Pomona, NY 10970

Doris F. Ulman, Esq.
The Village of Pomona
100 Ladentown Road
Pomona, NY 10970

Brett Yagel, Mayor
The Village of Pomona
100 Ladentown Road
Pomona, NY 10970

Leon Harris, Deputy Mayor
The Village of Pomona
100 Ladentown Road
Pomona, NY 10970

Ian Banks
The Village of Pomona
100 Ladentown Road
Pomona, NY 10970

Alma Sanders Roman
The Village of Pomona
100 Ladentown Road
Pomona, NY 10970

Nicholas Wilson
The Village of Pomona
100 Ladentown Road
Pomona, NY 10970

Louis Zummo
The Village of Pomona
100 Ladentown Road
Pomona, NY 10970

P. Joseph Corless
48 Michael Roberts Court
Pearl River, New York 10965

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
---------------------------------------------------------------X
TAL PROPERTIES OF POMONA, LLC

              Plaintiff,

-against-

VILLAGE OF POMONA, DORIS F. ULMAN, Individually and as Attorney for the Village of Pomona, BRETT YAGEL, Individually and as Mayor of the Village of Pomona, LEON HARRIS, Individually and as Deputy Mayor of the Village of Pomona, IAN BANKS, as Trustee of the Village of Pomona, ALMA SANDERS ROMAN, as Trustee of the Village of Pomona, NICHOLAS WILSON, as Trustee of the Village of Pomona, LOUIS ZUMMO, as Building Inspector of the Village of Pomona, and P. JOSEPH CORLESS,

              Defendants.
---------------------------------------------------------------X

Index No.

**COMPLAINT**

    Plaintiff, TAL PROPERTIES OF POMONA, LLC as and for its Verified Complaint against the Defendants VILLAGE OF POMONA, DORIS F. ULMAN, Individually and as Attorney for the Village of Pomona, BRETT YAGEL, Individually and as Mayor of the Village of Pomona, LEON HARRIS, Individually and as Deputy Mayor of the Village of Pomona, IAN BANKS, as Trustee of the Village of Pomona, ALMA SANDERS ROMAN, as Trustee of the Village of Pomona, NICHOLAS WILSON, as Trustee of the Village of Pomona, LOUIS ZUMMO, as Building Inspector of the Village of Pomona, and P. Joseph Corless, alleges upon information belief by its attorneys, JOSEPH A. MARIA, P.C., as follows:

## PARTIES

1. At all times hereinafter mentioned Plaintiff TAL PROPERTIES OF POMONA, LLC was

and continues to be a Limited Liability Company formed under and existing by virtue of New York State Law and has been in existence since 2015.

2. The VILLAGE OF POMONA is a municipal corporation duly formed and existing under the rules and laws of the State of New York in particular pursuant to the General Municipal Law of the State of New York.

3. DORIS F. ULMAN is an attorney duly licensed to practice law in the State of New York.

4. DORIS F. ULMAN has an office for the private practice of law at 134 Comp Hill Road, Pomona, New York 10970.

5. DORIS F. ULMAN has offices as the Village Attorney at the Village of Pomona, 100 Ladentown Road, Pomona, New York 10970.

6. DORIS F. ULMAN is duly appointed as the Village Attorney of the Village of Pomona.

7. DORIS F. ULMAN is sued herein individually; and as Village Attorney in the Village of Pomona and as an individually practicing attorney giving advice to the Village of Pomona its employees, agents and elected officials.

8. BRETT YAGEL is duly elected as the Mayor of the Village of Pomona.

9. BRETT YAGEL is currently the Mayor of the Village of Pomona with offices at 100 Ladentown Road, Pomona, New York 10970.

10. BRETT YAGEL is sued herein in his individual capacity and as Mayor of the Village of Pomona.

11. LEON HARRIS is duly elected as the Deputy Mayor of the Village of Pomona.

12. LEON HARRIS is currently the Deputy Mayor of the Village of Pomona with offices at 100 Ladentown Road, Pomona, New York 10970.

13. LEON HARRIS is sued herein in his individual capacity and as Deputy Mayor of the Village of Pomona.

14. IAN BANKS is a duly elected Trustee in the Village of Pomona with offices at 100 Ladentown Road, Pomona, New York 10970.

15. IAN BANKS is being sued herein only in his capacity as Trustee of the Village of Pomona.

16. ALMA SANDERS ROMAN is a duly elected Trustee in the Village of Pomona with offices at 100 Ladentown Road, Pomona, New York 10970.

17. ALMA SANDERS ROMAN is being sued herein only in her capacity as Trustee of the Village of Pomona.

18. NICHOLAS WILSON is a duly elected Trustee in the Village of Pomona with offices at 100 Ladentown Road, Pomona, New York 10970.

19. NICHOLAS WILSON is being sued herein only in his capacity as Trustee of the Village of Pomona.

20. LOUIS ZUMMO is duly appointed as the Building Inspector of the Village of Pomona with offices at 100 Ladentown Road, Pomona, New York 10970.

21. LOUIS ZUMMO is being sued herein only in his capacity as the Building Inspector of the Village of Pomona.

22. P. Joseph Corless is being sued as a person who is a licensed engineer in the State of New York and acts as a consultant to the Village of Pomona.

23. P. Joseph Corless has offices at 48 Michael Roberts Court in Pearl River, New York 10965.

## JURISDICTION AND VENUE

24. This action is properly venued in the County of Rockland, State of New York, as it is the place of business of the Plaintiff, TAL PROPERTIES OF POMONA, LLC.

25. This action is properly venued in the County of Rockland, State of New York, as it is the residence and/or place of the business of all of the Defendants, and is where the municipality known as the Village of Pomona is located.

## FACTS

26. On or about December 2015, TAL PROPERTIES OF POMONA, LLC (hereinafter "TAL") purchased a residential home known as 22 High Mountain Road (hereinafter "the property") located in the Village of Pomona, County of Rockland, State of New York.

27. TAL made repairs to the property during January 2016.

28. On or about January 2016, LOUIS ZUMMO (hereinafter referred to as "Zummo") conducted a final inspection of the property.

29. On or about January 2016, LOUIS ZUMMO and Defendant VILLAGE OF POMONA (hereinafter referred to as "Village") found that the work had been completed in accordance with applicable building laws, ordinances and regulations of the Village.

30. Thereafter, Defendant, DORIS F. ULMAN (hereinafter "Ulman"), directed Zummo to withhold the Certificate of Occupancy to TAL to allow TAL to sell the property in February 2016.

31. Thereafter, Defendant, BRETT YAGEL (hereinafter "Yagel"), directed Zummo to withhold the Certificate of Occupancy to TAL to allow TAL to sell the property on or about February 2016 and in fact directed same not be issued.

-4-

32. Thereafter, Defendant, LEON HARRIS (hereinafter "Harris"), directed Zummo to withhold the Certificate of Occupancy to TAL to allow TAL to sell the property on or about February 2016 in concert with others.

33. Thereafter, Defendant, IAN BANKS (hereinafter "Banks"), refused to issue a Certificate of Occupancy to TAL to allow TAL to sell the property on or about February 2016 in concert with others.

34. Thereafter, Defendant, ALMA SANDERS ROMAN (hereinafter "Roman"), directed Zummo to withhold the Certificate of Occupancy to TAL to allow TAL to sell the property on or about February 2016 in concert with others.

35. Thereafter, Defendant, NICHOLAS WILSON (hereinafter "Wilson"), directed Zummo to withhold the Certificate of Occupancy to TAL to allow TAL to sell the property on or about February 2016 in concert with others.

36. Thereafter, Defendant, LOUIS ZUMMO (hereinafter "Zummo"), in concert with, and/or at the specific direction of, others withheld the Certificate of Occupancy to TAL to allow TAL to sell the property on or about February 2016.

37. Defendants acted in violation of the Village of Pomona Codes at Construction Code, Chapter § 47-10 which provides that when, after final inspection, it is found that the proposed work has been completed in accordance with the applicable building laws, ordinances and regulations and a Certificate of Occupancy must be issued.

38. Defendant Ulman was negligent in failing to issue a Certificate of Occupancy and cited frivolous reasons, including but not limited to, improper work performed by the electrician and failure to plant trees as directed, as a pretext to withhold a Certificate of Occupancy so that TAL would not be able to sell the property.

39. Defendant Ulman individually and as Village attorney and in concert with others instructed Defendant Zummo not to issue said Certificate of Occupancy for the property.

40. Defendant Yagel individually and as Mayor and in concert with others instructed Defendant Zummo not to issue said Certificate of Occupancy for the property.

41. Defendants intentionally and maliciously refused to issue to TAL a Certificate of Occupancy on or about February 2016 when the property had passed all inspections.

42. Defendants wrongfully demanded payment of $6,379.34 from TAL as a condition of granting a Certificate of Occupancy for the property.

43. Defendants wrongfully and with malice demanded payment of $6,379.34 from TAL as a pre-condition to a Certificate of Occupancy for the property fully knowing that said debt was incurred by another and not the legal responsibility of TAL.

44. Defendants, individually and in their official capacities, failed to collect the aforesaid debt from another, failed to investigate, and acted in concert to extort TAL by refusing the issuance of a Certificate of Occupancy for the property unless TAL paid the aforesaid debt.

45. Defendants wrongfully and with malice demanded payment of $6,379.34 from TAL as a pre-condition to a Certificate of Occupancy for the property fully knowing that there was no lien on the property. Defendants fabricated documents in the official file of the Village of Pomona to later support their position. In addition this property was purchased by the Plaintiff after foreclosure.

46. Prior to TAL's ownership of 22 High Mountain Road, the Village through its agents, employees, consultants or elected official provided permits without demanding contemporaneous payment and the payment the Village demanded from the prior owner was not consistent with law and similar property rules in the Village at that time.

47. This lack of contemporaneous payment is clearly a violation of local law.

48. The Village agents, employees, consultants or elected officials have attempted to make up the lost fees by wrongfully demanding payment from TAL.

49. More particular between 2003 to 2006 Ulman or others failed to direct or cause to be collected the sum of $6,379.34 owed to the Village by another who was developing the property at the time. Further, the Village allowed the same builder bond to laps or expire without collection by the Village causing the roads not to be completed. Now the Village is alleging the Plaintiff to be responsible for the road they own.

50. In fact in 2006 invoices were sent to JWL (another owner of the property) clearly showing that the funds were never due from TAL. It was improper to issue permits without collection of monies.

51. The actions of the Village and/or Ulman were contrary to Village law rules and customs and the New York General Obligations Law Section 5-701.

52. The Village Attorney, its agents, its employees, its consultants and/or its elected officials never filed any liens under NYS Law against any properties currently owned by Tal at any time.

53. The result of the absence of filed liens is that TAL cannot be responsible for funds requested to the Village in the sum of $6,379.34.

54. The Village failed to properly, timely and in accordance with Village Law issue a Certificate of Occupancy to TAL when duly requested and demanded.

55. Concerning 22 High Mountain Road in Pomona, New York the Plaintiff was required to file a request for grading out slopes to the property. The plan was submitted. The Village engineer approved the plan which was later rejected by the Village engineer upon instructions by DUlman

-7-

and Yagel who acted with animosity toward a person of Jewish faith and/or in retaliation for the commence of a lawsuit against the Village.

56. The Building Inspector sent an email to Village engineer that he would not participate in selective enforcement on the property.

57. The engineer then sent some required changes which was abnormal and greatly increased the cost of the project. The Plaintiff requested the Building Inspector to email the Village engineer that if he agreed to the change then the plan would be approved. The Village engineer agreed and subsequently at a meeting in the Village Hall the Village engineer denied such an agreement was reached.

58. Subsequently, the approval was denied after a meeting at Town Hall.

59. The failure to issue a Certificate of Occupancy was due in whole or in part because the sole owner of TAL is of the Jewish religion.

60. The elected officials of the Village have a history of not treating those of the Jewish faith equally. In fact the Village of Pomona has been sanctioned by a Federal Court in the Southern District of New York due to a posting on the internet that "indicated discriminatory actions towards the Hasidic Jewish population".

61. The Village, its agents, its consultants, its employees and/or its elected officials have denied rights and privileges due TAL under The NYS Constitution, US Federal Constitution and various laws, rules and case interpretation of both the State of New York Constitution and Constitution of the United States.

62. Defendants violated New York General Obligations Law §5-701 in demanding TAL to pay the amount of $6,379.34 and in not granting TAL a Certificate of Occupancy for the property until such payment is made to Defendant Village.

- 8 -

63. Defendants violated the Village of Pomona Construction Code, Chapter 47-10 in failing to issue TAL a Certificate of Occupancy for the property. In addition, the Village of Pomona violated its own village code and did not issue the Certificate of Occupancy in a timely manner in accordance with the law.

64. Defendants deliberately and improperly obstructed TAL from obtaining a Certificate of Occupancy for the sale of the property.

65. Defendants further refused to approve TAL's plans to fill the land even though Defendants approved property similarly situated in the Village of Pomona and previously approved the plans for TAL's property.

66. Defendant, P. Joseph Corless, did not use consistent, and/or good and acceptable engineering practices concerning the consultation given to the Village of Pomona concerning Plaintiff's property causing Plaintiff a substantial loss of money.

67. Defendants refused to approve TAL's plans for the land fill of the property due to the commencement of this action.

68. Defendants deliberately and improperly delayed the sale of the property, causing TAL to sustain money damages.

69. As a result of Defendants' actions, TAL sustained substantial damages.

70. Defendant Yagel instructed Village employees to withhold granting TAL a Certificate of Occupancy and to give TAL's representative, Avrohom Manes, a difficult time because he is Jewish.

71. Defendant Ulman refused to give approval for a Certificate of Occupancy to TAL for the property.

72. After the Certificate of Occupancy was granted and the property sold to a third party, the Village sent an email that they would revoke the Certificate of Occupancy issued unless the Plaintiff signed a release that the Village was not responsible for the roads.

73. This email was followed up by a voice mail demanding the same.

74. Defendant Ulman told an attorney of Avrohom Manes, Member of TAL, that if he dropped this action, she would approve the granting of a Certificate of Occupancy for the property.

75. Approximately one year after its purchase of the property, TAL was issued a Certificate of Occupancy and sold the property at a substantial loss caused by Defendants' actions as aforedescribed.

## AS AND FOR THE FIRST CAUSE OF ACTION AGAINST DEFENDANT DORIS F. ULMAN, INDIVIDUALLY AND AS ATTORNEY FOR THE VILLAGE OF POMONA, BRETT YAGEL, INDIVIDUALLY AND AS MAYOR OF THE VILLAGE OF POMONA, LEON HARRIS INDVIDUALLY AND AS DEPUTY MAYOR OF THE VILLAGE OF POMONA SOUNDING IN NEGLIGENCE AND PUNITIVE DAMAGES AGAINST EACH DEFENDANT NAMED ABOVE IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY

76. The Plaintiff repeats, realleges and reiterates each and every allegation set forth in paragraphs 1 through 75 of this Complaint as if stated herein at length.

77. The Defendants, DORIS F. ULMAN, BRETT YAGEL and LEON HARRIS individually and in their official capacity were negligent in their actions.

78. The Plaintiff TAL has been damaged as a result of the Defendants, DORIS F. ULMAN, BRETT YAGEL and LEON HARRIS' negligence in a sum to be determined by the trier of facts in this case; plus punitive damages in the sum of Five Hundred Thousand ($500,000.00) Dollars each for their conduct to prohibit this type of behavior from occurring again.

## AS AND FOR THE SECOND CAUSE OF ACTION AGAINST DEFENDANT VILLAGE OF POMONA, IAN BANKS AS TRUSTEE OF THE VILLAGE OF POMONA; ALMA SANDERS ROMAN, AS TRUSTEE OF THE VILLAGE OF POMONA, NICHOLAS WILSON, AS TRUSTEE OF THE VILLAGE OF POMONA AND LOUIS ZUMMO AS BUILDING

INSPECTOR, OF THE VILLAGE OF POMONA, AND P. JOSPEH CORLESS, DORIS F. ULMAN, INDIVIDUALLY AND AS ATTORNEY FOR THE VILLAGE OF POMONA, BRETT YAGEL, INDIVIDUALLY AND AS MAYOR OF THE VILLAGE OF POMONA, LEON HARRIS INDVIDUALLY AND AS DEPUTY MAYOR OF THE VILLAGE OF POMONA SOUNDING IN NEGLIGENCE AND PUNITIVE DAMAGES AGAINST EACH DEFENDANT NAMED ABOVE IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY

79. The Plaintiff restates, realleges and reiterates each and every allegation set forth in paragraphs 1 through 78 of this Complaint as if stated herein at length.

80. The Defendants VILLAGE OF POMONA, IAN BANKS, ALMA SANDERS ROMAN, NICHOLAS ILSON and LOUIS ZUMMO were negligent in their actions.

81. The Plaintiff TAL has been damaged as a result of the Defendants VILLAGE OF POMONA, IAN BANKS, ALMA SANDERS ROMAN, NICHOLAS WILSON and LOUIS ZUMMO's negligence in a sum to be determined by the trier of facts in this case.

AS AND FOR THE THIRD CAUSE OF ACTION AGAINST ALL OF THE DEFENDANTS HEREIN IN THEIR INDIVIDUAL AND/OR THEIR OFFICIAL CAPACITY AS NAMED IN THE CAPTION SOUNDING IN VIOLATION OF FEDERAL CIVIL REGULATIONS SECTION 42 USC 1983 ET SEQ.

82. The Plaintiff restates, realleges and reiterates each and every allegation set forth in paragraphs 1 through 83 of this Complaint as if stated herein at length.

83. As a direct result of the actions and course of conduct of the Defendants as named in the caption individually and in their official capacity the Plaintiff TAL has been subjected to and deprived of rights, privileges and immunities guaranteed by the Constitution of the United States in violation of 42 USC 1983 et seq.

84. The actions and course of conduct of the Defendants in their individual and/or official capacities as named in the caption in that they individually and/or jointly failed to implement the correct policies, laws, codes, regulations of the Village fairly in fact apply the law arbitrarily and

- 11 -

capriciously thus causing damage unlawfully taking of the Plaintiff proper in whole and in part in violation of the 5th and 14th Amendment of the United States Constitution.

85. By reason of the facts in this cause of action the Plaintiff TAL is entitled to judgment under Federal Law pursuant to 42 USC 1983 and legal fees pursuant to 42 USC 1988.

## AS AND FOR THE FOURTH CAUSE OF ACTION

86. The Plaintiff restates, realleges and reiterates each and every allegation set forth in paragraphs 1 through 90 of this Complaint as if stated herein at length.

87. The Defendants individually and/or in concert with each other violated State Laws in the issuance of permits and the interpretation of Laws and Rules of New York State and the Village of Pomona.

88. By reason of the facts in this cause of action the Plaintiff has been damaged in a sum to be determined by the trier of fact.

**WHEREFORE** the Plaintiff demands damages as follows:

**ON THE FIRST CAUSE OF ACTION**, the Plaintiff, TAL, has been damaged as a result of the Defendants, DORIS F. ULMAN, BRETT YAGEL and LEON HARRIS' negligence in a sum to be determined by the trier of facts in this case; plus punitive damages in the sum of Five Hundred Thousand ($500,000.00) Dollars each plus interest, costs, attorney's fees and disbursements.

**ON THE SECOND CAUSE OF ACTION**, the Plaintiff, TAL, has been damaged as a result of the Defendants VILLAGE OF POMONA, IAN BANKS, ALMA SANDERS ROMAN, NICHOLAS WILSON and LOUIS ZUMMO's negligence in a sum to be determined by the trier of facts in this case plus interest, costs, attorney's fees and disbursements.

- 12 -

**ON THE THIRD CAUSE OF ACTION**, the Plaintiff, TAL, is entitled to judgment under Federal Law pursuant to 42 USC 1983 and legal fees pursuant to 42 USC 1988 plus interest, costs and disbursements.

**ON THE FOURTH CAUSE OF ACTION**, the Plaintiff, TAL, has been damaged in a sum to be determined by the trier of fact plus interest, costs, attorney's fees and disbursements and any other relief the Court awards as proper.

Dated: White Plains, New York
March 16, 2017

JOSEPH A. MARIA, P.C.

By: _____
JOSEPH A. MARIA, Esq.
Attorneys for Plaintiff
**TAL PROPERTIES OF POMONA, LLC**
301 Old Tarrytown Road
White Plains, New York 10603
(914) 684-0333
File No.: 08-0638

TO: The Village of Pomona
100 Ladentown Road
Pomona, NY 10970

Doris F. Ulman, Esq.
134 Comp Hill Road
Pomona, NY 10970

Doris F. Ulman, Esq.
The Village of Pomona
100 Ladentown Road
Pomona, NY 10970

Brett Yagel, Mayor
The Village of Pomona
100 Ladentown Road
Pomona, NY 10970

Leon Harris, Deputy Mayor
The Village of Pomona
100 Ladentown Road
Pomona, NY 10970

Ian Banks
The Village of Pomona
100 Ladentown Road
Pomona, NY 10970

Alma Sanders Roman
The Village of Pomona
100 Ladentown Road
Pomona, NY 10970

Nicholas Wilson
The Village of Pomona
100 Ladentown Road
Pomona, NY 10970

Louis Zummo
The Village of Pomona
100 Ladentown Road
Pomona, NY 10970

P. Joseph Corless
48 Michael Roberts Court
Pearl River, New York 10965

03/15/2017 12:00PM FAX 18459991075 @0015/0015

## VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF WESTCHESTER )

AVROHOM MANES being duly sworn, deposes and says:

I am the President of the Plaintiff TAL PROPERTIES OF POMONA, LLC the Plaintiff in the above entitled action.

On behalf of Plaintiff I have read the annexed VERIFIED COMPLAINT, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
AVROHOM MANES

Sworn to before me this
16 day of March, 2017.

JOSEPH A. MARIA
Notary Public, State of New York
No. 02MA5018434
Qualified in Westchester County
Commission Expires Sept. 27, 2017