

**John B. Martin**
914.872.7724 (direct)
John.martin@wilsonelser.com

May 12, 2017

Hon. Cathy Seibel
United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

Re:  *TAL Properties of Pomona, LLC v. Village of Pomona*
     Case No. 7:17-cv-02928-CS
     Our file: 00295.12564

Dear Judge Seibel:

We represent the defendants ("defendants" or "the Village") in the above-referenced matter. We write pursuant to rule 2(A) of the Court's individual rules of practice to request a pre-motion conference prior to the making of a motion to dismiss under Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure.

The complaint in this case primarily challenges defendants' alleged decision to delay the issuance of a certificate of occupancy for a property owned by plaintiff TAL Properties of Pomona, LLC ("plaintiff" or "TAL") and to demand that plaintiff pay approximately $6,300 in outstanding consulting fees in order to obtain the certificate.  According to the complaint, the delay in the issuance of the certificate of occupancy in turn delayed plaintiff's sale of his property and therefore caused unspecified damages.  The complaint further alleges that defendants deliberately prolonged the issuance of the certificate and relied on pretextual excuses for the delay because plaintiff's owner is Jewish and plaintiff had commenced another lawsuit against the Village.  The complaint further states that defendants erroneously demanded that plaintiff pay the $6,300 in exchange for the certificate because the subject property's prior owner, rather than plaintiff, owed those consulting fees.

Based on the foregoing, plaintiff asserts that defendants were negligent in delaying the issuance of the certificate based on their erroneous belief that plaintiff had to pay the $6,300. Pursuant to 42 U.S.C. § 1983, plaintiff claims that defendants violated his Fifth and Fourteenth Amendment rights by taking his property and selectively enforcing the requirements for issuance of a certificate against him based on his religion.  Plaintiff also asserts that defendants violated New York General Obligations Law § 5-701 and Code of the Village of Pomona ("Village Code") § 47-10 by failing to immediately issue the certificate.

Plaintiff's complaint should be dismissed because it fails to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-680 (2009).  To the extent plaintiff claims that defendants

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas • London
Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Virginia
Washington, DC • West Palm Beach • White Plains
**wilsonelser.com**

6512840v.1



were negligent and unconstitutionally took property from him based on their allegedly demanding $6,300 in consulting fees as a condition of receiving the certificate of occupancy, plaintiff cannot maintain such claims because the complaint fails to allege that he sustained any damages or lost any constitutionally protected property interest; the complaint does not state that he ever had to actually pay the fees to obtain the certificate, and, in fact, he received the certificate without having to pay the fees. *See generally Waltz v. Bd. of Educ.*, 2013 U.S. Dist. LEXIS 129089, *29-34 (N.D.N.Y. Sept. 10, 2013); *Hermes v. Title Guarantee & Trust Co.*, 282 N.Y. 88, 91-94 (1939); *Impossible Entertainment, Inc. v. Wulf*, 2011 NY Slip Op 33997(U), *5 (Sup. Ct. N.Y. Cnty. Oct. 6, 2011).

Plaintiff's constitutional claims arising from defendants' alleged delay in issuing the certificate of occupancy, whether framed in terms of due process or the taking of property without just compensation, must be analyzed as a claim of temporary taking, which requires a plaintiff to plead and prove that the government delayed decision on a proposed land use for such an extraordinary period of time that it amounted to an unconstitutional taking of property and caused more than ordinary fluctuations in the market value of the property. *See Seiber v. United States*, 364 F.3d. 1356, 1364-65 (Fed. Cir. 2004); *Forseth v. Village of Sussex*, 20 F. Supp. 2d 1267, 1269-1276 (D. Wis. 1998). Here, plaintiff's claims of delay are unavailing because the complaint does not set forth any facts indicating that the delay was so extraordinary or damaging so as to constitute a temporary taking of property without just compensation in violation of the constitution. *See County Of Nassau ex rel. Nassau County Planning Com v. Eagle Chase Assoc., Inc.*, 144 Misc. 2d 641, 642-644 (Sup. Ct. Nassau Cnty. 1989). In addition, there is no merit to plaintiff's claims that defendants selectively enforced the requirements for obtaining a certificate of occupancy and used violations of those requirements as a pretext for such improper selective enforcement based on plaintiff's religion and in retaliation for his other lawsuit. Specifically, the complaint does not sufficiently plead the "similarly situated comparator" element of a selective enforcement claim because it does not describe specific facts showing that the Village treated more favorably a person who sought to make similar use of his land, violated the same certification requirements, had a different religion than plaintiff's owner and was not suing the Village. *See Hampshire Recreation, LLC v. Vill. of Mamaroneck*, 2016 U.S. Dist. LEXIS 39486, *18-25 (S.D.N.Y. March 25, 2016) (Seibel, J.), *aff'd* 2016 U.S. App. LEXIS 20650 (2d Cir. Nov. 18, 2016).

Plaintiff's claim under New York General Obligations Law § 5-701, which is New York's statute of frauds, should also be dismissed. The complaint contains no facts from which it can be inferred that defendants enforced an unwritten obligation against plaintiff in violation of the statute of frauds. To the extent plaintiff suggests that defendants tried to impose someone else's obligation to pay the $6,300 on plaintiff, such a claim lacks merit because defendants never collected the $6,300 from plaintiff and, in any event, as plaintiff acknowledges in the complaint, *see* Complaint at ¶ 45, documents in the Town's possession show that plaintiff, not the prior owner, was responsible for paying the consulting fees. *See Lindt v. Henshel*, 25 N.Y.2d 357, 362-63 (1969) (where person to be charged is named in signed, written agreement to pay money, that person is obligated to pay the money because the agreement complies with N.Y. General Obligations Law § 5-701). For essentially the same reason, plaintiff's claim under the Village Code is fatally defective. Because the Village Code required plaintiff to pay the proportional share of Village expenditures attributable to its lot, such as the consulting fees, prior to the issuance of a certificate of occupancy, the Village was within its rights to delay approval of the certificate of occupancy until receipt of payment of the consulting fees, though ultimately the Village issued the certificate without receiving the fees



anyway. *See* Village Code § 115-9.[1]

Finally, the Court should dismiss plaintiff's negligence claims because, prior to commencing this action, plaintiff failed to serve a notice of claim on defendants as required by New York General Municipal Law §§ 50-e(1)(a) and 50(i)(1). *See Lopez v. City of New York*, 2014 U.S. Dist. LEXIS 145895, *8 (S.D.N.Y. Oct. 10, 2014). In any event, the complaint fails to set forth a plausible negligence claim. Since the Village properly determined that plaintiff was liable for the consulting fees, the Village was not negligent in demanding that plaintiff pay the fees. Furthermore, the Village's supposed negligence could not have proximately caused any damage to plaintiff, who has allegedly suffered nothing more than non-actionable routine delays in the Village's approval of the certificate. *See generally G&M Realty, L.P. v. Masyr*, 96 A.D.3d 689, 689-690 (1st Dep't 2012).

While these are the main grounds for defendants' motion, defendants respectfully reserve the right to raise additional arguments and grounds in support of the motion. Indeed, for numerous reasons, all of plaintiff's claims should be dismissed. Accordingly, defendants request that the Court schedule a pre-motion conference to discuss the proposed motion to dismiss.

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

John B. Martin

cc:
Joseph A. Maria, Esq.
Joseph A. Maria, P.C.
Attorney for Plaintiff
301 Old Tarrytown Road
White Plains, New York 10603

---

[1] Village Code § 47-10, which plaintiff cites in the complaint, was repealed in 2016, and hence other Village Code provisions, including chapter 115, set forth the requirements for the issuance of a certificate of occupancy.