

John B. Martin
914.872.7724 (direct)
John.martin@wilsonelser.com

July 26, 2017

Hon. Cathy Seibel
United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

Re:   *TAL Properties of Pomona, LLC v. Village of Pomona*
      Case No. 7:17-cv-02928-CS
      Our file: 00295.12564

Dear Judge Seibel:

      We represent the defendants ("defendants" or "the Village") in the above-referenced matter. We write pursuant to rule 2(A) of the Court's individual rules of practice to request a pre-motion conference prior to the making of a motion to dismiss under Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure.

      The first amended complaint ("the complaint") in this case primarily challenges defendants' alleged decision to delay the issuance of a certificate of occupancy for a property owned by plaintiff TAL Properties of Pomona, LLC ("TAL"), which is a company allegedly owned by plaintiff Avrohom Manes ("Manes") (collectively "plaintiffs"). The complaint also contests defendants' alleged demand that plaintiff pay an approximately $6,300 debt associated with the property in order to obtain the certificate and its denial of a permit for grading work. According to the complaint, the delay in the issuance of the certificate of occupancy in turn delayed plaintiffs' sale of the property and therefore caused a decline in the selling price of the property, and the denial of the grading permit prevented plaintiffs from performing work that would have allowed them to sell the property at a desired level of profit. The complaint further alleges that defendants deliberately prolonged the issuance of the certificate and relied on pretextual excuses for the delay because Manes is Jewish. By the complaint's account, unidentified non-Jewish owners of neighboring properties with sloping surfaces received unspecified different treatment. The complaint further states that defendants erroneously demanded that TAL pay the $6,300 in exchange for the certificate, that defendants never claimed that TAL had incurred that debt itself and that the subject property's prior owner, rather than TAL, owed those consulting fees.

      Based on the foregoing, pursuant to 42 U.S.C. § 1983, plaintiffs claim that defendants violated their Fourteenth Amendment right to equal protection of the laws by selectively enforcing the requirements for issuance of a certificate of occupancy and a grading permit against them based on Manes's religion. Plaintiffs also assert that, by denying them the permit and delaying the issuance of the certificate of occupancy based on Manes's religion, defendants violated their rights under the Free Exercise Clause of the First Amendment.

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas • London
Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Virginia
Washington, DC • West Palm Beach • White Plains

**wilsonelser.com**

6615376v.1



- 2 -

Plaintiffs' complaint should be dismissed because it fails to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-680 (2009). Specifically, the Court should dismiss plaintiffs' equal protection claim because plaintiffs fail to allege, as they must, facts establishing that the Village gave more favorable treatment to a similarly situated property owner who was not Jewish and did so out of a desire to discriminate against plaintiffs based on Manes's religion. *See generally Zahra v. Town of Southold*, 48 F.3d 674, 683-684 (2d Cir. 1995). In attempting to plead the similarly situated comparator element of a valid equal protection claim, plaintiffs allege that unidentified non-Jewish owners of unspecified "similarly sloped" neighboring properties received some sort of "contrary . . . treatment" (complaint at ¶ 24). But those conclusory averments fail to set forth concrete, particularized facts that, if true, would establish that a specifically identified comparator of another religion was similarly situated to plaintiffs in all material respects and yet, without having to meet the conditions allegedly imposed on plaintiffs, obtained a grading permit. Likewise, in the complaint, plaintiffs do not identify any similarly situated non-Jewish property owner who applied for a certificate of occupancy and received it sooner, and subject to less onerous conditions, than plaintiffs. As a result, plaintiffs' equal protection claim cannot withstand a motion to dismiss. *See In the Matter of the Application of Hampshire Recreation, LLC v. Vill. of Mamaroneck*, 2016 U.S. Dist. LEXIS 39496, *18-25 (S.D.N.Y. March 25, 2016) (Seibel, J.), *aff'd* 2016 U.S. App. LEXIS 20650 (2d Cir. Nov. 18, 2016); *see generally Mpala v. Gateway Cmty. Coll.*, 2014 U.S. Dist. LEXIS 68275, *24-25 (D. Conn. May 19, 2014).

Furthermore, to the extent plaintiffs wish to identify the previous owner of the subject property as a similarly situated comparator – it is not clear that they do -- their complaint does not set forth adequate facts indicating that the prior owner was similarly situated and received better treatment from the Village. Plaintiffs do not allege that the prior, non-Jewish owner of the property applied for a certificate of occupancy and received one at a lower cost, nor do they aver that the prior owner received a grading permit for the property. In addition, while plaintiffs allege that the Village tried to collect the debt associated with the property from them and not from the prior owner, any disparate treatment in debt collection practices ultimately resulted in no cognizable injury to plaintiffs because, as they acknowledge in their complaint (*see* complaint at ¶ 33), they were eventually able to avoid paying the debt. Thus, plaintiffs have no standing to complain of the Village's efforts to collect the debt from them. *See generally Sponaugle v. First Union Mortg. Corp.*, 40 Fed. Appx. 715, 716 (3d Cir. 2002).

Moreover, plaintiffs and the prior owner were not similarly situated for purposes of the Village's debt collection practices. Notably, plaintiffs applied for a certificate of occupancy, thereby logically prompting the Village to ensure that debts associated with the property were fully addressed prior to any new approval for usage. By contrast, there is no allegation that the prior owner applied for a certificate of occupancy while owing such a debt and that the Village declined to collect the debt in those circumstances. And, given that the prior owner did not apply for a certificate of occupancy during his period of indebtedness, the Village's attention may simply not have been drawn to the prior owner's obligation to pay the debt, such that the Village's alleged failure to collect the debt from the prior owner would have been a sign of the Village's inattention rather than discriminatory animus. *Cf. Tarantino v. City of Hornell*, 615 F. Supp. 2d 102, 114 (W.D.N.Y. 2009). Accordingly, the allegations in the complaint are insufficient to sustain a selective enforcement claim insofar as they fail to establish selective treatment or discriminatory intent. *See Hampshire Recreation*, 2016 U.S. Dist. LEXIS 39496, at *18-25.



Finally, plaintiffs' claim under the Free Exercise Clause should be dismissed because the complaint fails to set forth facts establishing a valid religious discrimination claim. In that regard, if plaintiffs mean to pursue their free exercise claim on a theory of religious discrimination in the issuance of certificates of occupancy and grading permits, that claim fails for the same reason as the equal protection claim: plaintiffs do not allege facts that, if true, would show that the Village treated similarly situated property owners differently based on their respective religious beliefs, and given that lack of disparate treatment, there are no facts to support an inference that the Village acted out of religious animus. *See People United for Children, Inc. v. City of New York*, 108 F. Supp. 2d 275, 297-299 (S.D.N.Y. 2000) (the lack of factual allegations in the complaint sufficiently demonstrating disparate treatment of similarly situated offenders of different religions required dismissal of both equal protection and free exercise claims); *see generally Bowles v. New York City Transit Auth.*, 2006 U.S. Dist. LEXIS 32914, *54-57 (S.D.N.Y. May 23, 2006) (stating, in a case where plaintiff claimed that a City agency discriminated against him based on religion by offering days off that covered some religious denominations' days of rest but not others', that "[a]lthough [plaintiff] continues to characterize this as a violation of his 'free exercise rights,' such a claim is better analyzed under the Equal Protection Clause of the Fourteenth Amendment . . ."). Additionally, since plaintiffs do not allege that defendants infringed on any particular religious practice or the construction of a religious institution, they have no viable free exercise claim based on any substantial burden on the exercise of their religious beliefs. *Cf. Bloomingburg Jewish Educ. Ctr. v. Vill. of Bloomingburg*, 111 F. Supp. 3d 459, 484-485 (S.D.N.Y. 2015).

We also note that the first amended complaint does not name as defendants certain parties who were identified as such in TAL's original complaint in this action, including Leon Harris, Ian Banks, Alma Sanders Roman, Nicholas Wilson, Louis Zummo and P. Joseph Corless, and therefore plaintiffs appears to seek to discontinue this action against those parties. Otherwise, if plaintiffs still wish to maintain this action against those parties, we respectfully request permission to file a motion to dismiss as to those parties as well, unless the Court dismisses the action against them *sua sponte*.

While the above are the main grounds for defendants' motion, defendants respectfully reserve the right to raise additional arguments and grounds in support of the motion. Indeed, for numerous reasons, all of plaintiffs' claims should be dismissed. Accordingly, defendants request that the Court schedule a pre-motion conference to discuss the proposed motion to dismiss.

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

*John B. Martin*

John B. Martin

**cc (via First Class Mail and ECF):**
Michael H. Sussman, Esq.
Sussman & Associates
Attorneys for Plaintiffs
PO Box 1005
1 Railroad Avenue
Suite 3
Goshen, New York 10924

6615376v.1