## SUSSMAN & ASSOCIATES
*- Attorneys at Law -*

---

MICHAEL H. SUSSMAN
JONATHAN R. GOLDMAN
VALERIA A. GHEORGHIU
*Of Counsel:*
CHRISTOPHER D. WATKINS

1 RAILROAD AVE. - SUITE 3
P.O. BOX 1005
GOSHEN, NEW YORK 10924

(845) 294-3991
Fax: (845) 294-1623
sussman1@frontiernet.net

LEGAL ASSISTANTS
GERI PRESCOTT
SALLY PORTER

July 31, 2017 – **Via ECF to all**

Honorable Cathy Seibel, D.J.
United States District Court - Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

    Re: *TAL Properties of Pomona, LLC, et al v. Village of Pomona, et al.*
         17 cv 02928 (CS)

Dear Judge Seibel,

    I represent plaintiffs in this 1983 matter and respond to defendants' pre-motion letter dated July 26, 2017.

    Defendants submit that plaintiffs fail to state a claim under both the First and Fourteenth Amendments because their First Amended Complaint [FAC] does not name the similarly-situated property owners who received better treatment or aver sufficient facts to establish that such property owners were similarly-situated in all material regards. In so arguing, defendants conveniently overlook these facts set forth in the FAC:

1. In January 2016, the building inspector [Louis Zummo] inspected the property and concluded that plaintiffs had completed required repairs to the property and that a Certificate of Occupancy [CO] should issue.

2. Defendants Mayor Yagel and counsel Ullman directed Zummo not to issue the CO. This direction contravened the village's Construction Code which required issuance of such a certificate when a property owner complied with applicable code requirements.

3. Contrary to village law and practice, the defendants conditioned issuance of a CO on a payment which plaintiffs did not owe.

If checked, please respond to one of our office located at:

☐ 11 Fowler St.
Port Jervis, NY 12771
(845) 294-3991

☐ 159 Canal St.
Ellenville, NY 12428
(845) 294-3991

☐ 42 W. Main St.
Liberty, NY 12754
(845) 294-3991

4. The Building Inspector and the Village Clerk both advised plaintiff Manes that defendants Yagel and Ullman, who knew plaintiff Manes was Jewish, advised them to give him a hard time because they did not like him.

5. Contrary to their treatment of plaintiff, neither Yagel nor Ullman made any effort to collect the $6,379.34 from the non-Jew who incurred the debt. And, after delaying plaintiff for eight months, the village eventually dropped this condition for issuance of the CO.

6. After the Village Engineer approved plaintiffs' initial grading plan, Yagel and Ullman pressured him to retract this approval and impose costly conditions upon plaintiffs. The Village did not impose the same costly grading pre-requisites upon plaintiffs' non-Jewish neighbors. This prompted the Building Inspector to withdraw from the review process as he did not wish to participate in further selective enforcement activities against plaintiffs.

7. In addition to these impediments to alienating his property, defendants sought to impose another new condition upon plaintiffs – road maintenance - though requiring the signing of any agreement to shift the costs of road maintenance to private parties was again contrary to village code and law.

    The Second Circuit has held that, at the pleading stage, plaintiffs are not required to set forth detailed facts regarding comparators. *Brown v. Daikin America Inc.*, 756 F.3d 219, 230 [2nd Cir. 2014). Here, plaintiffs sufficiently provide defendants notice for both 1st and 14th Amendment purposes: they are comparing themselves to the [a] prior owner of the property, a non-Jew, against whom defendants initiated no effort to collect funds allegedly due from him and [2] neighboring property owners who were not required to accomplish costly prerequisites before being permitted to grade their properties and obtain COs. These comparators are set forth with sufficient detail to make them analogous to those the Court of Appeals deemed sufficient in *Brown, supra.*

    Likewise, defendants' current suggestion that there may be other reasons for the treatment plaintiffs received is not to be resolved at the motion to dismiss stage: "Whether there existed non-pretextual, non-discriminatory explanations for the defendants' employment decisions – a question as to which the defendants bear the burden of production ...- is not properly decided on a motion to dismiss for failure to state a claim."

    Finally, as the procedural posture and/or the facts of each of the cases defendants now cite materially differ from those present here [in none of the other cases, for example, did the Building Inspector expressly tell the putative plaintiff that s/he would not participate further in project review because of the selective enforcement being imposed upon him], we submit that none controls and that the facts presented here provide both sufficient notice of plaintiffs' claims and a plausible basis to believe those claims.

For these reasons, the motion should not be filed and discovery should ensue. As for defendants' query, plaintiffs deem all parties originally named but not re-named as dismissed from this matter.

Respectfully submitted,

Michael H. Sussman [3497]

cc: John Martin, Esq.