UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAL PROPERTIES OF POMONA, LLC, and AVROHOM MANES,<br><br>                            *Plaintiffs*,<br><br>-against-<br><br>VILLAGE OF POMONA, BRETT Y AGEL, MAYOR OF THE VILLAGE OF POMONA,<br><br>                            *Defendants.* | 17-cv-02928 (CS)<br><br>**DECLARATION OF NOREEN SHEA IN SUPPORT OF MOTION TO VACATE JUDGMENT** |

Pursuant to 28 U.S.C. § 1746, Noreen Shea declares the following to be true under penalty of perjury:

1.      I was employed as Deputy Clerk of the Village of Pomona from February 1, 2015 to June 23, 2016.

2.      One of my responsibilities as Deputy Clerk was to respond to requests for property records.

3.      In this capacity, I handled requests for records relating to properties owned by Tal Properties and Avrohom Manes. Many of their files were missing entirely and others that I could find were missing documents.

4.      As I told the investigator from the New York State Division of Human Rights, there was an overall attitude in the Village of Pomona to be unresponsive to requests from Orthodox Jewish residents for access to their property records, including responses to FOIL requests. It was an inconvenience and delay process. I was informed numerous times to "take the FOIL request and inform them that it would take time to get back to them, when actually I always had time to address the request right then and there. You can make them wait 5 days

before filling the FOIL request I was told. For example, a request for a copy of a survey of a property, which was a few steps away in a file, would take me less than a minute to get, make a copy, and give to that resident. I should time stamp, and call that person in 5 days to pick up their copy. Another time Mr. Manes put in a FOIL request for maps at the top of the mountain in Pomona. The Village engineer picked out all the maps that should be copied. Then the Village clerk, engineer, and building inspector decided that Mr. Manes should give a $50.00 dollar deposit for this request. I called Mr. Manes and he questioned me about this deposit. He stated he never gave deposits for other FOIL requests, asking if this was standard policy and has anyone else ever left a deposit? The answer was no. His wife came by a few hours later and gave the village clerk the deposit, and then I sent the maps out to be copied. Another example, I recall a contractor coming into Village Hall while the mayor was sitting at the desk next to me. This gentleman wanted to see the file of his sister's home on Camp Hill Road that was getting ready to sell, and he did work on years ago. I gave him a FOIL request form, and told him I will get back to him when I have a chance. The mayor started asking him some questions, and a conversation engaged on how they both grew up in Long Island NY, and the next thing the mayor asked me to pull the file for gentleman. He was not Orthodox.

5.     The Village Attorney, Village Clerk, and I did a search for the files of Lot G-13, I believe which was the 22 High Mountain address owned by Mr. Manes, looking for a supposed bill that the Village wanted to charge him. We spent several hours digging in the archives for these old receipts, and making copies of them. Mr. Manes believes those same records (downstairs) were not searched when he submitted FOIL requests for the records. I never searched downstairs for property records, only that time looking for invoices for lot G-13 owned

by Mr. Manes. All the property files were right next to my desk upstairs. There are a lot of boxes downstairs in the kitchen, and in the bathroom closet.

6.    There were Village documents stored outside of Village Hall. Malervine Toll took the minutes for The Board of Trustee's twice a month for over 10 years. Mrs. Toll was moving from the Village of Pomona and brought in several boxes of minutes that were stored in her home for years. When the clerk informed the mayor of this we were instructed to lock the boxes in his office. In Pomona, if there was a FOIL request for minutes of a meeting, it wasn't released until it was approved by the Village Attorney and then the Board of Trustee's. Most Villages post their Board minutes in a week or two on their village websites.

7.    During my time working at the Village I went to the Clerks Luncheon, which is an educational get together of all the clerks serving Rockland County, along with Paul Piperarto the Rockland County Court Clerk. On this specific day we had an interesting question given by one of the court clerks complaining about a FOIL request for the Village's email list. The guest speaker was the Executive Director of the New York State Committee of Open Government, Mr. Robert Freeman. He stated the email list was FOIL able. While working at the Village of Pomona, that request came in several times, and I believe was always denied.

Dated: New York, New York
          October 27, 2018

                                                        _Noreen Shea_
                                                        **NOREEN SHEA**