

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

**Janine A. Mastellone**
914.872.7230 (direct)
Janine.mastellone@wilsonelser.com

November 14, 2018

Hon. Cathy Seibel
United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

    <u>Re:</u>  *TAL Properties of Pomona, LLC v. Village of Pomona*
            <u>Case No. 7:17-cv-02928-CS</u>
            Our file: 00295.12564

Dear Judge Seibel:

       We represent the defendants ("defendants" or "the Village") in the above-referenced matter. We write to oppose the motion, which was improperly filed by plaintiffs TAL Properties of Pomona, LLC ("TAL") and Avrohom Manes ("Mr. Manes") (collectively, "plaintiffs"), under D.E. # 28, and which seeks relief under Federal Rules of Civil Procedure 60(b)(2) and 60(b)(3).[1] Plaintiffs did not comply with this Court's rules requiring a party to request a pre-motion conference and then obtain permission to make the motion prior to filing motion papers. Therefore, the Court should disregard plaintiffs' motion, strike it from the docket and require plaintiffs to comply with the Court's rules before attempting to make any further motions.

       By an order dated January 10, 2018, and a clerk's judgment entered on January 12, 2018 (D.E. # 24 (order); 25 (judgment)), this Court dismissed plaintiffs' second amended complaint ("SAC") pursuant to F.R.C.P. 12(b)(6) for failure to allege a plausible claim against the defendants. In the decision, this Court dismissed the equal protection claims in the SAC, which had proceeded under a class-of-one theory and a selective enforcement theory, and it also dismissed the related First Amendment claim asserted in the SAC. The Court also declined to allow plaintiffs any further amendments of the complaint. *See* D.E. # 27 (transcript) at 9-20. Upon the Court's order, the clerk closed the case. *See* D.E. # 25.

       Approximately 10 months later, on November 2, 2018, plaintiffs filed a motion to "reopen" the case pursuant to F.R.C.P. 60(b)(2) and 60(b)(3). Despite the judgement of dismissal, plaintiffs did not seek a pre-motion conference or otherwise request permission to move before filing the

---

[1] Mr. Manes was never added to the caption of this case as a plaintiff, so he is not a named plaintiff. However, as the Court noted in its decision of January 10, 2018, the body of the second amended complaint suggested that Mr. Manes was intended to be a plaintiff. Therefore, for purposes of this letter, Mr. Manes is identified as a plaintiff, though he has never actually achieved that status.

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas • London
Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Virginia
Washington, DC • West Palm Beach • White Plains
**wilsonelser.com**

7330189v.1



motion. Relying on an unrelated administrative complaint filed by a former Village employee and a lawsuit filed by a Village trustee, plaintiffs assert that, because those other litigants allege that the Village has engaged in discriminatory conduct against Jewish residents of the Village, plaintiffs should be allowed to vacate the judgment of dismissal of their case based on this supposed "newly discovered evidence." Based on the allegations of the former Village employee, Shea, plaintiffs also request that the judgment be vacated because defendants allegedly delayed or refused disclosure of alleged evidence of discrimination under New York's Freedom of Information Law ("FOIL"). Plaintiffs further seek to amend the complaint to allege a new equal protection claim against defendants, asserting that the claim would rely on the alleged "newly discovered evidence."

This Court should reject plaintiffs' motion because plaintiffs have not submitted it in compliance with this Court's rules. Under Rule 2(A) of this Court's individual rules of practice, "[a] pre-motion conference with the Court is required before making any other motion" aside from a motion for reargument, a discovery motion, or certain procedural motions. Rule 2(A) also requires the moving party to submit a pre-motion letter requesting the conference and outlining the reasons why the motion should be granted. Here, plaintiffs have filed a motion which is not one of the limited types of motion exempt from Rule 2(A), and they have violated Rule 2(A) by failing to submit a pre-motion letter requesting a pre-motion conference in order to seek the Court's permission to file their motion. Given that plaintiffs have violated this Court's rules by filing the motion, their motion should be stricken or denied, and they should be required to comply with Rule 2(A) before filing any further motions.[2]

Respectfully, the Court should not waive the pre-motion conference and letter requirements here because the motion is patently baseless, and hence there is strong justification for requiring pre-motion letters and a conference to allow defendants a full opportunity to set forth the reasons why plaintiffs should not be permitted to make their motion. Plaintiffs' motion contains several fatal flaws, including, but not limited to: (1) plaintiffs' unreasonable delay in seeking to vacate the judgment and amend the complaint based on evidence which was available in a report dated five months ago;[3] (2) plaintiffs' failure to present any evidence that would qualify as the sort of highly convincing evidence required to support a motion under Rule 60; (3) the clear prejudice stemming from plaintiffs' attempt to entirely change the legal theories and alleged events underlying their lawsuit based on the assertions of other litigants in other unrelated matters; (4) the absence of the sort of egregious misconduct, such as bribery or jury tampering, that is generally necessary to support a Rule 60(b)(3) motion; and (5) plaintiffs' inability to proceed on their claim that the Village violated plaintiffs' equal protection rights based on their generalized, conclusory allegations about religious discrimination, which fail to show that the Village had a discriminatory policy, applied facially neutral laws in a discriminatory

---

[2] This Court's Rule 2(A) does allow a movant to file "motions for reargument or reconsideration" without seeking a pre-motion conference. However, under Local Rule 6.3, a "motion for reconsideration or reargument of a court order determining a motion" is generally a motion such as one under "Fed. R. Civ. P. 50, 52, and 59." A reconsideration or reargument motion should also be based on matters or legal decisions "which counsel believes the Court has overlooked" in its decision, and it must be served within 14 days of the entry of the order or entry of judgment. Therefore, plaintiffs' motion here is clearly not a reargument and reconsideration motion because: (1) it proceeds under F.R.C.P. 60, not F.R.C.P. 50, 52, 59 or similar provisions; (2) by its plain terms, the motion seeks to amend the complaint and vacate the judgment based on new assertions by litigants other than plaintiffs, and it does not arise primarily from matters previously presented to, and overlooked by, this Court; and (3) it was not served within 14 days of the notice of entry of judgment. Accordingly, plaintiffs' motion is not a reconsideration motion, and it is subject to this Court's conference requirement.

[3] Notably, there is no proposed amended complaint attached to plaintiffs' instant motion.

7330189v.1



- 3 -

manner against plaintiffs, and unlawfully delayed plaintiffs' certificate of occupancy because of an intent to discriminate based on religion. *See generally Clyburn v. Shields*, 33 Fed. Appx. 552, 555-56 (2d Cir. 2002); *Muhammad v. Maduekwe*, 2016 U.S. Dist. LEXIS 25826, *25-26 (S.D.N.Y. Feb. 29, 2016); *Esposito v. New York*, 2012 U.S. Dist. LEXIS 162308, *2-15 (S.D.N.Y. Nov. 13, 2012); *Travelers Cas. & Sur. Co. v. Crow & Sutton Assocs.*, 228 F.R.D. 125, 127-132 (N.D.N.Y. 2005); *Roe v. Keady*, 2002 U.S. Dist. LEXIS 8158, *15-22 (D. Kan. Apr. 29, 2002). Moreover, the Village should not be required to litigate an unrelated administrative complaint within the context of a matter for which the Court had already entered a judgment of dismissal. The Village should be allowed to elaborate on these arguments and set forth additional reasons why the motion should not be entertained in the first instance via the pre-motion letter process established by this Court's rules. Therefore, the Court should enforce the pre-motion letter and conference requirement of Rule 2(A) of its individual rules of practice.

In the event that the Court intends to entertain plaintiffs' motion without the requisite pre-motion conference, defendants request that the Court set a briefing schedule and allow defendants time to respond to plaintiffs' motion.

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

Janine A. Mastellone
John B. Martin

Cc: all parties by ECF