WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER LLP
Attorneys for Defendants
*Village of Pomona, Brett Yagel and Doris Ulman*
1133 Westchester Avenue
White Plains, NY  10604
(914) 323-7000
Attn:   Janine A. Mastellone, Esq.
       John B. Martin, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

TAL PROPERTIES OF POMONA, LLC,

               Plaintiff,          Docket No. 7:17-cv-02928-CS

     -against-

VILLAGE OF POMONA, BRETT YAGEL, MAYOR OF
THE VILLAGE OF POMONA,

              Defendants.

------------------------------------------------------------------ x

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE, REOPEN AND AMEND

Wilson, Elser, Moskowitz, Edelman & Dicker LLP
1133 Westchester Avenue
White Plains, New York 10604
(914) 323-7000

7389780v.1

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................... ii

Introduction ............................................................................................................... 1

Preliminary Statement .............................................................................................. 1

Facts and Procedural History .................................................................................. 2

POINT I.   Plaintiffs Have Failed to Satisfy Their Burden of Presenting Clear and Convincing Evidence of Circumstances that Could Justify Vacating the Judgment under Rule 60 ...................................................... 5

A.   Plaintiffs Have Failed to Make Their Motion Within a Reasonable Time ............................................................................................................... 8

B.   Plaintiffs Cannot Obtain Relief Under Rule 60(b)(2) ................................ 9

1.   Mr. Manes' Allegations Are Not Admissible and Concern Matters that Should Have Been Known to Him Prior to the Dismissal of this Case .................................................................... 9

2.   Ms. Shea's Administrative Complaint and Allegations about Village Officials' Delaying Land-Use Approvals for Jewish Residents Are Inadmissible ......................................................... 10

3.   Plaintiffs' New Allegations Do Not Support a Claim of Intentional Discrimination in Violation of the Fourteenth Amendment ............................................................................... 15

C.   Plaintiffs Cannot Obtain Relief Under Rule 60(b)(3) .............................. 19

D.   Even if Plaintiffs Could Vacate the Judgment, They Cannot Be Granted Leave to Amend ....................................................................... 24

# TABLE OF AUTHORITIES

**Page(s)**

Cases

*1032-1034 Lexington Ave., Ltd. v. Holding Capital Grp., Inc. (In re PBS Foods, LLC)*,
 718 Fed. Appx. 89 (2d Cir. 2018) ............................................................. 7

*Amaker v. Schiraldi*,
 2017 U.S. Dist. LEXIS 166294 (E.D.N.Y. Sept. 29, 2017) ..................... 16

*Armenian Assembly of Am., Inc. v. Cafesjian*,
 924 F. Supp. 2d 183 (D.D.C. 2013) ............................................... 6, 10, 11

*Banks v. Thomas*,
 2012 U.S. Dist. LEXIS 13904 (S.D. Ill. Feb. 6, 2012) ........................... 14

*Barua v. City of New York*,
 2016 U.S. Dist. LEXIS 179610 (Dec. 28, 2016) ............................... 15, 17

*Best v. Schecter*,
 2018 U.S. Dist. LEXIS 29666 (E.D.N.Y. Feb. 22, 2018) ................ 7, 12, 23

*Boule v. Hutton*,
 328 F.3d 84 (2d Cir. 2003) ....................................................................... 6

*Brodrick v. City of New York*,
 1997 U.S. Dist. LEXIS 8519 (S.D.N.Y. Jun. 16, 1997) ...................... 13, 20

*Byrd v. Auburn Univ.*,
 2007 U.S. Dist. LEXIS 55723 (M.D. Ala. July 31, 2007) ........................ 10

*Catskill Dev., L.L.C. v. Park Place Entm't Corp.*,
 286 F. Supp. 2d 309 (S.D.N.Y. 2003 ................................................... 6, 20

*Clack v. Torre*,
 2014 U.S. Dist. LEXIS 34578 (D. Conn. Mar. 17, 2014) ........................ 16

*Croons v. N.Y. State Office of Mental Health*,
 304 F.R.D. 98 (N.D.N.Y. 2015) ............................................................... 7

*Cyber Fin. Network v. LendingTree, Inc.*,
 2007 U.S. Dist. LEXIS 14378 (E.D.N.Y. Feb. 22, 2007) ......................... 13

*Davison v. New York City Transit Auth.*,
 2012 U.S. Dist. LEXIS 102183 (E.D.N.Y. July 23, 2012 ......................... 14

*Gilley's Enters. v. Buck 'N Broncos, Inc.*,
    1982 U.S. Dist. LEXIS 10240 (S.D. Tex. May 10, 1982) .......................................... 8

*Goldstein v. MCI Worldcom*,
    340 F.3d 238 (5th Cir. 2003) ...................................................................... 25

*Golodner v. Martinez*,
    2017 U.S. Dist. LEXIS 210409 (D. Conn. Dec. 21, 2017)...................................... 17

*Gustavia Home, LLC v. Rice*,
    724 Fed. Appx. 87 (2d Cir. 2018) ................................................................ 6

*Halliburton Energy Servs. v. NL Indus.*,
    618 F. Supp. 2d 614 (S.D. Tex. 2009) ........................................................... 7

*Hamzik v. Zale Corporation/Delaware, Inc.*,
    2008 U.S. Dist. LEXIS 39234 (N.D.N.Y. May 14, 2008) ...................................... 8

*Hayden v. Paterson*,
    594 F.3d 150 (2d Cir. 2010) ...................................................................... 16

*Henriquez v. Astrue*,
    499 F. Supp. 2d 55 (D. Mass. 2007) ............................................................ 8

*Henson v. Dillon*,
    2017 U.S. Dist. LEXIS 182041 (E.D. Cal. Nov. 2, 2017) ..................................... 15

*In re Crozier Bros., Inc*,
    60 B.R. 683 (Bankr. S.D.N.Y. 1986)............................................................. 13

*In re Optionable Secs. Litig.*,
    2009 U.S. Dist. LEXIS 52592 (S.D.N.Y. June 15, 2009) ..................................... 11

*In re PBS Foods, LLC)*,
    718 Fed. Appx. 89 (2d Cir. 2018) ............................................................... 24

*Industrial Associates, Inc. v. Goff Corp.*,
    106 F.R.D. 260 (E.D. Wis. 1985) ............................................................... 14

*Jedrejcic v. Croatian Olympic Comm., Coca-Cola Co.*,
    190 F.R.D. 60 (E.D.N.Y. 1999)................................................................. 21

*Jones v. J.C. Penney's Dep't Stores*,
    2007 U.S. Dist. LEXIS 104120 (W.D.N.Y. Jan. 22, 2007)............................... 15, 17

*Kampuries v. Am. Honda Motor Co.*,
    2018 U.S. Dist. LEXIS 119147 (E.D.N.Y. July 17, 2018) ..................................... 7

7389773v.1

*Lightfoot v. District of Columbia*,
    555 F. Supp. 2d 61 D.D.C. 2008) ........................................................................ 12

*Lorusso v. Borer*,
    260 Fed. Appx. 355 (2d Cir. 2008) ..................................................................... 6

*Lowinger v. Morgan Stanley & Co. LLC (In re Facebook, Inc., IPO Sec. & Derivative Litig.)*,
    43 F. Supp. 3d 369 (S.D.N.Y. 2014) ................................................................... 11

*Lumpkins v. Bank of Am.*,
    2013 U.S. Dist. LEXIS 50302 (E.D. La. Apr. 8, 2013) ...................................... 14

*Marinaccio v. Boardman*,
    2006 U.S. Dist. LEXIS 42941 (N.D.N.Y. Jun. 26, 2006) .................................. 6, 8

*Matlock v. Greyhound Lines, Inc.*,
    2010 U.S. Dist. LEXIS 92359 (D. Nevada Aug. 10, 2010) ................................ 11

*Matrix Polymers v. A-E Packaging, Inc.*,
    2017 U.S. Dist. LEXIS 2358 (E.D.N.Y. Jan. 5, 2017) ....................................... 8, 21

*McFadden v. Grand Union*,
    1994 U.S. Dist. LEXIS 1994 (S.D.N.Y. Feb. 18, 1994) ..................................... 25

*Mendell on behalf of Viacom, Inc. v. Gollust*,
    909 F.2d 724 (2d Cir. 1990) ............................................................................... 6, 12

*Muhammad v. Maduekwe*,
    2016 U.S. Dist. LEXIS 25826 (S.D.N.Y. Feb. 29, 2016) ................................... 15, 17

*Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*,
    930 F.2d 240 (2d Cir. 1991) ............................................................................... 12

*Patterson v. City of New York*,
    2017 U.S. Dist. LEXIS 126279 (E.D.N.Y. Aug. 8, 2017) .................................. 16

*Patterson-Stevens, Inc. v. Int'l Union of Operating Eng'rs Local Union No. 17*,
    164 F.R.D. 4 (W.D.N.Y. 1995) .......................................................................... 13

*Pena v. Mattox*,
    1995 U.S. Dist. LEXIS 5810 (N.D. Ill. Apr. 27, 1995) ..................................... 10

*Philips Lighting Co. v. Schneider*,
    636 Fed. Appx. 54 (2d Cir. 2016) ...................................................................... 8, 21

*Pierce v. Stewart*,
    2005 U.S. Dist. LEXIS 22324 (D. Ariz. Sept. 29, 2005) ................................... 12

*Pyke v. Cuomo*,
   258 F.3d 107 (2d Cir. 2001) .................................................................. 4, 13, 15, 16, 17, 18, 19

*Ritchie v. Taylor*,
   701 Fed. Appx. 45 (2d Cir. 2017) ............................................................................... 6, 10

*Rodriguez v. Clinton*,
   357 Fed. Appx. 355 (2d Cir. 2009) .................................................................................. 15

*Roman v. Velleca*,
   2012 U.S. Dist. LEXIS 136946 (D. Conn. Sept. 25, 2012) ............................................. 16

*Rosario v. Town of Mt. Kisco*,
   2018 U.S. Dist. LEXIS 80843 (S.D.N.Y. May 11, 2018) ................................................. 16

*Sack v. CIA*,
   53 F. Supp. 3d 154 (D.D.C. 2014) .............................................................................. 22, 23

*Schmitz v. Mars, Inc.*,
   261 F. Supp. 2d 1226 (D. Or. 2003) ................................................................................. 11

*Secured Worldwide, LLC v. Kinney*,
   2017 U.S. Dist. LEXIS 130018 (S.D.N.Y. Aug. 14, 2017) ............................................ 7, 23

*Sheet Metal Workers' Nat'l Pension Fund v. Amodeo*
   (E.D.N.Y. May 27, 2016) ........................................................................................... 8, 21

*Spaulding v. New York City Dep't of Educ.*,
   2016 U.S. Dist. LEXIS 179973 (E.D.N.Y. Dec. 28, 2016) ............................................... 21

*State St. Bank & Trust Co. v. Inversiones Errazuiz Limitada*,
   374 F.3d 158 (2d Cir. 2004) ...................................................................................... 7, 21

*State Trading Corp. of India Ltd. v. Assuranceforeningen Skuld*,
   921 F.2d 409 (2d Cir. 1990) ............................................................................................ 25

*Std. Inv. Chtd., Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*,
   (S.D.N.Y. July 13, 2007) ................................................................................................ 14

*Stone v. Eamer*,
   2018 U.S. Dist. LEXIS 8672 ........................................................................................... 17

*Tr. of the Estate of Bolin & Co., LLC v. Ogden (In re Bolin & Co.)*,
   2012 U.S. Dist. LEXIS 136396 (D. Conn. Sept. 24, 2012) .............................................. 14

*Travelers Cas. & Sur. Co. v. Crow & Sutton Assocs.*,
   228 F.R.D. 125 (N.D.N.Y. 2005) ................................................................................ 7, 22

v

*Tyson v. Ozmint*,
    246 F.R.D. 517 (D.S.C. 2007) ............................................................................ 20

*United States v. Int'l Brotherhood of Teamsters*,
    247 F.3d 370 (2d Cir. 2001) ..................................................................... 5, 6, 10

*United States v. Potamkin Cadillac Corp.*,
    697 F.2d 491 (2d Cir. 1983) ............................................................................ 10

*Wagner v. Lankford (In re Vaughan Co.)*,
    2015 U.S. Dist. LEXIS 193332 (D.N.M. Aug. 25, 2015) .................................... 7

*Wallace Wood Props. v. Wood*,
    2015 U.S. Dist. LEXIS 161513 (S.D.N.Y. Dec. 2, 2015 ................................... 13

*Walsh v. Hagee*,
    10 F. Supp. 3d 15 (D.D.C. 2013) ..................................................................... 14

*Weinberg v. Vill. of Clayton*,
    2018 U.S. Dist. LEXIS 187640 (N.D.N.Y. Nov. 2, 2018) ................................ 16

*Williams v. North Florida Regional Med. Ctr., Inc.*,
    164 Fed. Appx. 896 (11th Cir. 2006) ................................................................. 6

*Wilson v. City of Warren*,
    2008 U.S. Dist. LEXIS 8414 (N.D. Ohio Jan. 23, 2008) .................................. 11

Statutes

N.Y. Public Officers Law § 87 ............................................................................. 22

Rules

19 NYCRR 80.4(d) ............................................................................................... 21

F.R.C.P. 15 ........................................................................................................... 12

F.R.C.P. 59(b) ........................................................................................................ 5

F.R.C.P. 60 ..................................................................................................... 12, 24

F.R.C.P. 60(b) ............................................................................. 5, 11, 12, 13, 18

F.R.C.P. 60(b)(2) ..................................................................... 1, 3, 5, 6, 9, 10, 11

F.R.C.P. 60(b)(3) ........................................................ 1, 3, 5, 6, 7, 20, 21, 22, 23

F.R.C.P. 60(c) ...................................................................................................... 5, 8

7389773v.1

N.Y. C.P.L.R. 7801 ......................................................................................................... 22

N.Y. C.P.L.R. 7803 ......................................................................................................... 23

## Introduction

Defendants Village of Pomona, Brett Yagel ("Mayor Yagel"), as Mayor of the Village of Pomona, and Doris Ullman ("Ms. Ulman"),[1] as Village Attorney of the Village of Pomona (collectively "the Village" or "defendants"), respectfully submit this memorandum of law in opposition to the motion filed by plaintiffs TAL Properties of Pomona, LLC ("TAL"), and Avrohom Manes ("Mr. Manes") (collectively, "plaintiffs"), pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 60(b)(2), 60(b)(3), for vacatur of the judgment of dismissal entered by this Court on January 12, 2018 and for an amendment of the complaint.[2]

## Preliminary Statement

This is a civil rights action which this Court dismissed nearly a year ago based on plaintiffs' repeated failure to state a valid claim.  At the time of dismissal, plaintiffs' second amended complaint alleged that defendants had violated plaintiffs' equal rights, under a class-of-one and selective enforcement theory, by delaying the issuance of a certificate of occupancy for a property owned by plaintiff TAL and managed by plaintiff Manes.  Now, almost a year after the dismissal of the case, plaintiffs move to vacate the judgment and amend the complaint to assert new causes of action based on different incidents which have been alleged in a separate administrative complaint and another unrelated lawsuit by different complainants.  Specifically, plaintiffs assert that, because a former Village employee, Noreen Shea, now claims in an administrative complaint that the Mayor held anti-semitic views, that the Building Inspector delayed or denied land-use

---

[1] The caption of the second amended complaint does not include Ms. Ulman as a defendant; however, the body of the complaint identifies her as such.  Further, the second amended complaint misspells Ms. Ulman's name, adding a second "L."  For purposes of this motion, Ms. Ulman will be identified by the proper spelling of her name.

[2] The caption of the second amended complaint does not name Mr. Manes as a plaintiff.  *Compare* First Amended Complaint.  Mr. Manes, however, is described as a plaintiff in the body of the Second Amended Complaint.  For purposes of this motion, he will be identified as a plaintiff, though TAL should still be required to properly amend the caption accordingly.

1

approvals to certain Jewish residents of the Village and that Ms. Shea lost her job based on her disagreement with the Village's actions, Ms. Shea's allegations constitute newly discovered evidence which should allow plaintiffs to reopen their case. Plaintiffs further seek to amend the complaint to allege that the Village generally discriminated against Jews in denying land-use applications and that therefore the Village must have discriminated against plaintiffs based on Mr. Manes' Jewish faith when it delayed his land-use approvals and refused to take ownership of roads adjoining his property.

As will be detailed below, however, plaintiffs have failed to exercise reasonable diligence in bringing this motion, and they have not satisfied their burden of proving, by clear and convincing evidence, the sort of extraordinary circumstances that would justify re-opening this action. Indeed, plaintiffs' entire motion is a cynical ploy to circumvent the similar comparator requirement of their selective enforcement claim by pointing to allegations in other pending lawsuits, thereby causing enormous prejudice to the Village in forcing it to defend against the allegations from multiple other disputes and litigation all in this single, previously-dismissed lawsuit. This is patently improper, and the Court should deny plaintiffs' motion.

### Facts and Procedural History

The facts and procedural history of this case have been set forth in detail in defendants' papers in support of their motion to dismiss the second amended complaint, which are hereby incorporated by reference. *See* D.E. # 17-19, 22. In brief, plaintiffs commenced this action in state court, filed a first amended complaint ("FAC"), and after removal of the case to this Court, filed a second amended complaint ("SAC"). *See* D.E. # 1; D.E. # 16. In the SAC, plaintiffs alleged that, in incidents in January 2016 and summer 2016, Village Building Inspector Louis Zummo ("Mr. Zummo"), Mayor Yagel and Ms. Ulman, who knew that Manes was Jewish: delayed the

2

issuance of a certificate of occupancy ("CO") for TAL's property at 22 High Mountain Road, Village of Pomona, New York; requested that plaintiffs pay a debt allegedly owed by the prior owner of the property for consulting fees; demanded that plaintiffs meet certain requirements to obtain a grading permit to grade out steep slopes on the property; and then only later approved the CO. *See* D.E. # 16 at ¶¶ 8-40. Based on those incidents, plaintiffs claimed that defendants selectively enforced the Village Code provisions relating to COs and grading permits against plaintiffs based on Mr. Manes' Jewish faith, in violation of the Equal Protection Clause of the Fourteenth Amendment under class-of-one and selective enforcement theories, as well as of the Free Exercise Clause of the First Amendment. *See* D.E. # 16 at ¶¶ 47-49. Defendants moved to dismiss the SAC for failure to state a claim under F.R.C.P. 12(b)(6), and on January 10, 2018, this Court ruled on the motion from the bench, dismissing the SAC. *See* D.E. # 24. The Court ruled that: (1) by offering only conclusory allegations, plaintiffs had failed to alleged facts that, if true, would establish that defendants had treated other non-Jewish property owners more favorably and that such property owners were similarly situated in all material respects to plaintiffs; (2) plaintiffs had failed to allege facts showing that defendants' alleged mistreatment of plaintiffs was based on religion or motivated by religious animus; and (3) plaintiffs could not proceed on a Free Exercise Claim because the Village Code was facially neutral toward religion and was not alleged to burden religious practices, and plaintiffs failed to adequately allege religious discrimination in the enforcement of the Village Code. *See* D.E. # 27 at 9-17. On January 12, 2018, the Court entered judgment based on its decision dismissing the SAC, and it closed the case. *See* D.E. # 25.

Ten months later, on November 2, 2018, plaintiffs filed the instant motion to vacate the judgment of dismissal pursuant to F.R.C.P. 60(b)(3) and 60(b)(2). Plaintiffs assert that they should be allowed to reopen the case, months after it was dismissed for their repeated failure to allege a

7389773v.1

viable claim, because allegations in an unrelated lawsuit and an unrelated administrative complaint are "newly discovered evidence" that the Village has a widespread practice of discriminating against Jewish property owners in the approval of land-use applications, and that therefore such discrimination must have befallen plaintiffs as well. *See* D.E. # 29 at 8-18. Plaintiffs also contend that, because Mr. Manes and Ms. Shea now allege the Village's failure to fully search for and disclose documents regarding plaintiffs' property under FOIA, defendants engaged in misconduct that warrants the vacatur of the judgment by depriving plaintiffs of the information in those documents. *See* D.E. # 29 at 19-22; D.E. # 30; D.E.#31; D.E. #32. Based on the so-called "newly discovered evidence," plaintiffs now assert that they can assert a claim of intentional religious discrimination claim under *Pyke v. Cuomo*, 258 F.3d 107 (2d Cir. 2001), which does not require a plaintiff to plead and prove the existence and better treatment of similarly situated comparators. *See* D.E. #29 at 8-18.

However, as will be explained, this "newly discovered evidence" – mere allegations, in reality -- does not contain evidence of the events at issue in this lawsuit, but rather reveals unrelated employment and land-use disputes between the Village and non-parties to this action, including a disgruntled former employee and a political opponent of the Mayor.

Plaintiffs' "newly discovered evidence" consists of allegations in: (1) a November 3, 2017, administrative complaint ("AC") filed by Noreen Shea, a former employee of the Village Clerk's Office, with the New York State Division of Human Rights ("NYSDHR"), complaining of her alleged wrongful firing for treating Jewish and non-Jewish residents equally in contravention of Mayor Yagel's and the Village Clerk's desires; (2) Ms. Shea's rebuttal to the Village's answer to the AC; (3) interview notes taken by NYSDHR containing unsworn statements of witnesses regarding Ms. Shea's allegations; (4) a June 4, 2018 report by the NYSDHR ordering a hearing on

Ms. Shea's allegations; (5) a complaint recently filed in federal court by a Village trustee and political opponent of Mayor Yagel named Robert Klein, and joined by three other Orthodox Jewish residents of the Village regarding the Village's alleged denial of land-use applications and selective ticketing of Orthodox Jews for Village Code violations; and (6) the declarations of Mr. Manes and Ms. Shea, in support of the instant motion, alleging additional incidents during Ms. Shea's tenure, which ended in June 2017, involving Village employees' alleged slow responses to FOIL requests, disorganization in storing public records, alleged admissions of anti-Jewish sentiment and alleged assessment of unwarranted fees against plaintiffs. *See generally* D.E. #30-1; 30-2; 30-3; 30-4; 30-5; 30-6; 31. Village employees thoroughly rebutted these allegations and identified multiple instances of misconduct and incompetence by Ms. Shea, and Village Code violations by Mr. Klein. *See* D.E. #30-4 at 6-8, 10-16, 24-30.

## POINT I

### Plaintiffs Have Failed to Satisfy Their Burden of Presenting Clear and Convincing Evidence of Circumstances that Could Justify Vacating the Judgment under Rule 60

Under Rule 60(b)(2) of the F.R.C.P, the court may relieve a party from a final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Under Rule 60(b)(3), the court can vacate a judgment on grounds of "fraud . . . misrepresentation, or misconduct of an opposing party." "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order . . ." F.R.C.P. 60(c). "A [Rule 60(b)] motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Brotherhood of Teamsters*,

247 F.3d 370, 391 (2d Cir. 2001); *Mendell on behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990).

> The movant on a Rule 60(b)(2) motion "has an onerous standard to meet" because:
>
> The movant must demonstrate that (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

*Int'l Brotherhood of Teamsters*, 247 F.3d at 392 (internal quotation marks, punctuation, and citation omitted); *see Gustavia Home, LLC v. Rice*, 724 Fed. Appx. 87, 89 (2d Cir. 2018). Thus, the movant cannot prevail if, at the time of the dispositive proceeding, he or she knew about or could have discovered the facts or evidence used to support the motion. *See Gustavia Home*, 724 Fed. Appx. at 89; *Lorusso v. Borer*, 260 Fed. Appx. 355, 357 (2d Cir. 2008); *see also Williams v. North Florida Regional Med. Ctr., Inc.*, 164 Fed. Appx. 896, 899 (11th Cir. 2006). In addition, the newly discovered evidence must be admissible, and "[a]llegations in a lawsuit are not admissible evidence . . ." *Ritchie v. Taylor*, 701 Fed. Appx. 45, 48 (2d Cir. 2017); *see also Armenian Assembly of Am., Inc. v. Cafesjian*, 924 F. Supp. 2d 183, 203-204 (D.D.C. 2013) (finding mere allegations insufficiently reliable to support Rule 60 motion). Furthermore, the evidence must be so compelling as to probably have changed the outcome of the prior proceeding, virtually forcing the court to alter its prior decision. *See Williams*, 164 Fed. Appx. at 898; *see generally Boule v. Hutton*, 328 F.3d 84, 95 (2d Cir. 2003).

The movant also faces a high bar in seeking relief under Rule 60(b)(3). Under that provision, the movant bears the burden of proving "by clear and convincing evidence that the adverse party engaged in fraud, misrepresentation, or other misconduct." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 286 F. Supp. 2d 309, 312 (S.D.N.Y. 2003); *see Marinaccio v. Boardman*,

6

2006 U.S. Dist. LEXIS 42941, *13 (N.D.N.Y. Jun. 26, 2006).   Mere conclusory allegations of fraud or misconduct cannot satisfy the movant's burden under Rule 60(b)(3).   *See Wagner v. Lankford (In re Vaughan Co.)*, 2015 U.S. Dist. LEXIS 193332, *18-21 D.N.M. Aug. 25, 2015).   Additionally, "[t]o prevail on a Rule 60(b)(3) motion, a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case."   *State St. Bank & Trust Co. v. Inversiones Errazuiz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (internal quotation marks and citation omitted).    The movant must prove that the opposing party's conduct amounted to fraud or comparably egregious conduct, not mere missteps.   *See State St. Bank & Trust Co.*, 374 F.3d at 176; *see also Best v. Schecter*, 2018 U.S. Dist. LEXIS 29666, *13-15 (E.D.N.Y. Feb. 22, 2018); *Secured Worldwide, LLC v. Kinney*, 2017 U.S. Dist. LEXIS 130018, *17-19 (S.D.N.Y. Aug. 14, 2017); *cf. Kampuries v. Am. Honda Motor Co.*, 2018 U.S. Dist. LEXIS 119147, *9-10 (E.D.N.Y. July 17, 2018).

    In rare instances, the opposing party's withholding of documents which were clearly requested and discoverable can constitute misconduct for purposes of Rule 60(b)(3).   *See Travelers Cas. & Sur. Co. v. Crow & Sutton Assocs.*, 228 F.R.D. 125, 132 (N.D.N.Y. 2005).   However, the withheld materials must fall unequivocally within the scope of the movant's demand, such that the failure to produce it could not have been based on a good faith disagreement about the proper scope of discovery.   *See 1032-1034 Lexington Ave., Ltd. v. Holding Capital Grp., Inc. (In re PBS Foods, LLC)*, 718 Fed. Appx. 89, 90 (2d Cir. 2018); *Travelers Cas. & Sur. Co.*, 228 F.R.D. at 131-32; *Croons v. N.Y. State Office of Mental Health*, 304 F.R.D. 98, 105 (N.D.N.Y. 2015).   Likewise, if the opposing party failed to disclose the document due to a failure to locate it, the movant must show that such failure was due to a substantial lack of diligence in attempting to find it.   *Cf. Halliburton Energy Servs. v. NL Indus.*, 618 F. Supp. 2d 614, 640 (S.D. Tex. 2009).   Moreover,

7

the movant must demonstrate that he or she was unaware of the information and could not have discovered the information or the opposing party's withholding of it. *See Philips Lighting Co. v. Schneider*, 636 Fed. Appx. 54, 58 (2d Cir. 2016); *Matrix Polymers v. A-E Packaging, Inc.*, 2017 U.S. Dist. LEXIS 2358, *15 (E.D.N.Y. Jan. 5, 2017); *Sheet Metal Workers' Nat'l Pension Fund v. Amodeo*, *65 (E.D.N.Y. May 27, 2016).  And, if the undisclosed evidence was cumulative or immaterial, the Rule 60(b)(3) motion must be denied. *See Marinaccio*, 2006 U.S. Dist. LEXIS 42941, at *16.

### A. Plaintiffs Have Failed to Make Their Motion Within a Reasonable Time

As a threshold matter, plaintiffs have failed to move to vacate the judgment within a reasonable time after the entry of judgment, as required by Rule 60(c).  In that regard, where, as here, a party files a Rule 60(b) motion within the one-year limitations period, the motion must be denied as untimely if the movant failed to file the motion within a reasonable time of obtaining the evidence which forms the basis of the motion. *See Hamzik v. Zale Corporation/Delaware, Inc.*, 2008 U.S. Dist. LEXIS 39234, *3-4 (N.D.N.Y. May 14, 2008); *Henriquez v. Astrue*, 499 F. Supp. 2d 55, 57 (D. Mass. 2007).  The motion is not made within a reasonable time if, upon consideration of the totality of the circumstances, including "the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon and prejudice to other parties," the movant has not presented a reasonable justification for the delay in bringing the motion. *Gilley's Enters. v. Buck 'N Broncos, Inc.*, 1982 U.S. Dist. LEXIS 10240, *8 (S.D. Tex. May 10, 1982) (internal quotation marks and citations omitted).  Here, in support of their Rule 60(b) motion, plaintiffs primarily rely on the AC, which was filed on November 3, 2017, the NYSDHR report, which was filed on June 4, 2018, and Mr. Manes' declaration, which claims to describe incidents of misconduct by the Village on unspecified dates during the preparation of the

8

SAC back in 2017, and Ms. Shea's declaration, which purports to describe various incidents on unknown dates during her tenure as clerk prior to June 2017. *See* D.E. #30 at ¶¶9-31; D.E. #31 at ¶¶2-7; D.E. #30-1; D.E. #30-2. Despite the existence of this so-called evidence long before plaintiffs' filing of this motion, plaintiffs waited until five months after the filing of the most recent piece of "evidence" – and over 11 months after the genesis of the remaining "evidence" and incidents at issue – to file their Rule 60(b) motion. Since plaintiffs offer no excuse for those many months of delay, they have failed to demonstrate that they filed their motion within a reasonable time. Additionally, the Village has a strong interest in the finality of the judgment here. For nearly a year now, the Village has relied on the finality of this Court's judgment dismissing the SAC. The Village would suffer immense prejudice if it is forced to defend against a reopened lawsuit. Indeed, such a lawsuit would be radically expanded to include events that are the subject of multiple unrelated litigations and turn on events that occurred over two years ago, unfairly forcing the Village to defend three lawsuits in one at a time when plaintiffs have allowed an unreasonable lapse in time. Thus, under the totality of the circumstances, and especially in light of the unexplained delay in bringing the motion, plaintiffs' motion should be denied on the ground that it was not filed within a reasonable time of the judgment dismissing the SAC.

### B. Plaintiffs Cannot Obtain Relief Under Rule 60(b)(2)

Here, plaintiffs claim, the judgment should be vacated based on "newly discovered evidence" under Rule 60(b)(2). But plaintiffs cannot meet the onerous standard of Rule 60(b)(2).

#### 1. Mr. Manes' Allegations Are Not Admissible and Concern Matters that Should Have Been Known to Him Prior to the Dismissal of this Case

Initially, Mr. Manes' declaration, in which he alleges Village employees failed to give him a tax refund, erroneously billed him for snow removal, interfered with his attempt to purchase land and made admissions of delaying his CO based on Mayor Yagel's purported dislike of Jews (*see*

9

D.E. #30 at ¶¶9-31), cannot constitute "newly discovered evidence" under Rule 60(b)(2) because they are inadmissible allegations. Indeed, mere allegations of a party or witness are inadmissible and cannot support a Rule 60(b)(2) motion. *See Ritchie*, 701 Fed. Appx. at 48; *Armenian Assembly of Am., Inc.*, 924 F. Supp. 2d at 203-204; *Byrd v. Auburn Univ.*, 2007 U.S. Dist. LEXIS 55723, *2-5 (M.D. Ala. July 31, 2007).

Mr. Manes' allegations also fail to justify the extraordinary remedy of vacatur of the judgment because he has failed to show that he could not have discovered the alleged events prior to this Court's decision to dismiss the SAC. Tellingly, Mr. Manes does not specify when these alleged events happened, but regardless of their date, they cannot support his current motion. *See Pena v. Mattox*, 1995 U.S. Dist. LEXIS 5810, *4-7 (N.D. Ill. Apr. 27, 1995) (denying Rule 60(b) motion based on lack of specific allegations as to when plaintiff learned of the new evidence of when the relevant new events occurred). After all, Mr. Manes was personally present for all of these alleged misdeeds and admissions by Village employees, and if the events occurred prior to the dismissal of the SAC, he could have immediately brought them to the Court's attention before the decision on the motion. Plaintiffs were not "justifiably ignorant" of this new information prior to the decision, and they certainly did not exercise "due diligence" in presenting the information to the Court 10 months after the decision. *Int'l Brotherhood of Teamsters*, 247 F.3d at 392; *see generally United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983). If the incidents described by Mr. Manes happened after the dismissal of the SAC, they still cannot support vacatur of the judgment because evidence of those incidents cannot be evidence "of facts that existed <u>at the time of trial or other dispositive proceeding</u>." *Int'l Brotherhood of Teamsters*, 247 F.3d at 392 (emphasis added).

2. Ms. Shea's Administrative Complaint and Allegations about Village Officials' <u>Delaying Land-Use Approvals for Jewish Residents Are Inadmissible</u>

10

Ms. Shea's Allegations in the AC and in her declaration do not constitute newly discovered evidence because, like Mr. Manes' declarations, they are mere allegations which are inadmissible and lack evidentiary value under Rule 60(b). *See Armenian Assembly of Am., Inc.*, 924 F. Supp. 2d at 203-204; *cf. Wilson v. City of Warren*, 2008 U.S. Dist. LEXIS 8414, *6-7 (N.D. Ohio Jan. 23, 2008); *Schmitz v. Mars, Inc.*, 261 F. Supp. 2d 1226, 1229 (D. Or. 2003). Similarly, Ms. Shea's and other individuals' statements to interviewers at the NYSDHR are inadmissible hearsay being offered for the truth of her allegations; indeed, as far as the NYSDHR's notes indicate, these statements were not even made under oath, and there is no hearsay exception that would apply. *See Matlock v. Greyhound Lines, Inc.*, 2010 U.S. Dist. LEXIS 92359, *21 (D. Nevada Aug. 10, 2010) (finding that tape recordings allegedly of a witness telling plaintiff about misconduct by defendant, as well as plaintiff's allegations about the conversations with the witness, are not admissible and cannot support plaintiff's Rule 60(b) motion).

The requirement that the "newly discovered evidence" be admissible cannot be disregarded on the theory that plaintiffs' complaint was dismissed at the pleading stage rather than after a trial. By its plain terms, the statute requires the plaintiff to present "newly discovered evidence," not mere allegations or hearsay, regardless of the procedural context surrounding the judgment which the plaintiff seeks to vacate. F.R.C.P. 60(b)(2) (emphasis added); *see In re Optionable Secs. Litig.*, 2009 U.S. Dist. LEXIS 52592, *10-15 (S.D.N.Y. June 15, 2009). This plain statutory command makes sense in light of the purpose of Rule 60(b)(2). Rule 60(b)(2) creates an "extraordinary remedy," *Lowinger v. Morgan Stanley & Co. LLC (In re Facebook, Inc., IPO Sec. & Derivative Litig.)*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014), for a plaintiff who, due to justifiable ignorance, could not plead or prove a viable claim prior to the final judgment and later discovers compelling evidence proving that he or she likely had a meritorious claim at the time of the final judgment.

11

*See Lightfoot v. District of Columbia*, 555 F. Supp. 2d 61, 67-70 D.D.C. 2008); *Mendell*, 909 F.2d at 731-32; *see also Best v. Schecter*, 2018 U.S. Dist. LEXIS 29666, *6 (E.D.N.Y. Feb. 22, 2018) ("Because of the extraordinary nature of the remedy, evidence in support of a motion under Rule 60 must be highly convincing.") (internal quotation marks and citation omitted).  It is not meant to allow a plaintiff to re-plead his or her case based on mere allegations, hearsay and rumor.  Were the law otherwise, Rule 60(b) would become nothing more than a post-judgment version of Rule 15, allowing easy amendments to previously dismissed complaints regardless of the plaintiff's prior opportunities to amend the complaint pre-judgment and the defendant's compelling interest in finality.  Ultimately, if a losing plaintiff wants to re-commence litigation based solely on new allegations rather than proof, the plaintiff's remedy is to commence a new litigation within lawful time limits and other restrictions, and not to re-open an existing case based on speculation, allegation and hearsay arising from other lawsuits, as plaintiffs seek to do here.  *See generally Nat'l Petrochemical Co. of Iran v.  M/T Stolt Sheaf*, 930 F.2d 240 (2d Cir. 1991) (noting that, before one can amend a complaint following dismissal based on new allegations, one must first satisfy the criteria of Rule 60(b) for vacating the judgment and cannot simply obtain amendment under the liberal allegation-based standard of Rule 15); *see also Pierce v. Stewart*, 2005 U.S. Dist. LEXIS 22324, *3-4 (D. Ariz. Sept. 29, 2005).  Because the AC, Ms. Shea's allegations and Mr. Manes' allegations are nothing more than inadmissible hearsay, representing the self-serving and unelaborated say-so of interested parties, they cannot allow plaintiffs to obtain the extraordinary remedy of vacatur of the judgment.

In addition, because plaintiffs' allegations and their submissions from the Shea and Klein cases primarily focus on theories of liability and incidents not alleged in the SAC, they are not "newly discovered evidence" of the events and claims which were heretofore presented in this case

12

and formed the basis of the judgment which plaintiffs seek to vacate.  Instead, plaintiffs' latest submissions constitute an improper effort to initiate a new litigation – really, to litigate several unrelated lawsuits – in this case.  This effort is highly prejudicial for obvious reasons, as the Village should not be forced to defend against the allegations in the Shea case, the Klein case and plaintiffs' new declaration in this action, which has thus far been a (now dismissed) selective enforcement case brought by a single plaintiff and his company based on alleged delays in the issuance of a CO and the imposition of requirements related to the slope of plaintiffs' property.

In this regard, courts have held that a plaintiff cannot use a Rule 60(b) motion simply to advance a new legal theory or change strategy. *See Wallace Wood Props. v. Wood*, 2015 U.S. Dist. LEXIS 161513, *4-5 (S.D.N.Y. Dec. 2, 2015); *Patterson-Stevens, Inc. v. Int'l Union of Operating Eng'rs Local Union No. 17*, 164 F.R.D. 4, 6 (W.D.N.Y. 1995); *In re Crozier Bros., Inc*, 60 B.R. 683, 688-89 (Bankr. S.D.N.Y. 1986); *Cyber Fin. Network v. LendingTree, Inc.*, 2007 U.S. Dist. LEXIS 14378, *13 (E.D.N.Y. Feb. 22, 2007); *Brodrick v. City of New York*, 1997 U.S. Dist. LEXIS 8519, *3-6 (S.D.N.Y. Jun. 16, 1997).  Logically, then, a plaintiff seeking to use Rule 60(b) as a tool to offer an amended complaint must first present new evidence supporting his or her existing claims and then amend the complaint to add further factual allegations based on such proper evidence of the existing claims, not entirely new claims and events unrelated to the existing lawsuit.  Here, plaintiffs seek to abandon their existing selective enforcement and class-of-one claims and advance an entirely new legal theory based on intentional discrimination under *Pyke*. *See* D.E. #29 at 17-20.  And, virtually all of plaintiffs', Ms. Shea's and Mr. Klein's allegations focus on alleged fees charged to plaintiffs, alleged permit delays affecting the complainants in the Klein case, the Village's alleged speedier processing of non-Jewish residents' FOIL requests, and Village officials' alleged inappropriate comments – but not the delay of plaintiffs' CO in summer

13

2016 which was the basis of plaintiffs' existing claims in the SAC. *See* D.E. #30 at ¶¶ 9-20; D.E. #30-2 at 5-11; D.E. #30-4 at 18-21; D.E.#30-5 at ¶¶ 9-18, 21-23, 33-97.

Thus, plaintiffs are improperly attempting to advance new claims and incidents – effectively, to start a whole new lawsuit based on allegations in multiple other cases – through their Rule 60 motion. Plaintiffs' maneuver is plainly impermissible and prejudicial. *See Davison v. New York City Transit Auth.,* 2012 U.S. Dist. LEXIS 102183, *4-5 (E.D.N.Y. July 23, 2012) I(denying Rule 60(b) motion because, among other things, plaintiff relied on unrelated allegations which were raised in a separate state court action); *Lumpkins v. Bank of Am.,* 2013 U.S. Dist. LEXIS 50302, *9-11 (E.D. La. Apr. 8, 2013) (rejecting Rule 60(b)(2) motion supported by allegations from another lawsuit against the defendant); *Walsh v. Hagee,* 10 F. Supp. 3d 15, 18-19 (D.D.C. 2013) (same where motion supported by information provided about defendants' misconduct by the report of whistleblower Edward Snowden); *Tr. of the Estate of Bolin & Co., LLC v. Ogden (In re Bolin & Co.),* 2012 U.S. Dist. LEXIS 136396, *8-10 (D. Conn. Sept. 24, 2012) (same where motion supported by evidence of crimes by a witness in another case); *Banks v. Thomas,* 2012 U.S. Dist. LEXIS 13904, *10-13 (S.D. Ill. Feb. 6, 2012) (same where motion supported by expert evidence from another case that defendant's method of treating plaintiff's illness was negligent); *see also Std. Inv. Chtd., Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.,* *8-9 (S.D.N.Y. July 13, 2007) (finding that plaintiff could not raise new claim based on new evidence in Rule 60(b) motion because the court's prior dismissal of the complaint was made on other grounds unrelated to this claim, and hence the new evidence offered no defense to the prior motion); *Industrial Associates, Inc. v. Goff Corp.,* 106 F.R.D. 260, 263 (E.D. Wis. 1985) (denying Rule 60(b) motion because, among other things, "The plaintiff's motion to reopen the action and amend the complaint to join an additional defendant and include claims for punitive damages

would greatly exceed the scope of the original action."); *Henson v. Dillon*, 2017 U.S. Dist. LEXIS 182041, *4 (E.D. Cal. Nov. 2, 2017) ("Plaintiff also brings in his motion a series of allegations unrelated to his complaint in this action. To the extent Plaintiff intends to pursue new allegations, he must do so in a separate action.").

    3.  Plaintiffs' New Allegations Do Not Support a Claim of Intentional Discrimination in <u>Violation of the Fourteenth Amendment</u>

In any event, even if the allegations of plaintiffs and the litigants in the unrelated lawsuits could be properly considered, the allegations still do not warrant vacatur of the judgment because they do not support a viable *Pyke* claim.

In *Pyke*, *supra*, and subsequent cases, the Second Circuit recognized that, in rare circumstances, a plaintiff can establish an equal protection violation based on compelling evidence of intentional discrimination without fully alleging the similar comparator element of a selective enforcement claim. *See Pyke*, 258 F.3d at 109-110; *Rodriguez v. Clinton*, 357 Fed. Appx. 355, 357 (2d Cir. 2009). For example, the plaintiff can bring a claim that "a facially neutral law or policy has been applied in an intentionally discriminatory race-based manner . . ." *Pyke*, 258 F.3d at 110. However, where the plaintiff challenges fundamentally discretionary enforcement decisions such as prosecution, the plaintiff's claim should be analyzed under a selective enforcement theory, which requires a showing of a similar comparator. *See Jones v. J.C. Penney's Dep't Stores*, 2007 U.S. Dist. LEXIS 104120, *19-21 (W.D.N.Y. Jan. 22, 2007); *cf. Muhammad v. Maduekwe*, 2016 U.S. Dist. LEXIS 25826, *26 (S.D.N.Y. Feb. 29, 2016); *Barua v. City of New York*, 2016 U.S. Dist. LEXIS 179610, *33-34 (Dec. 28, 2016). This is so because, in light of the discretion inherent in prosecution and similar discretionary law enforcement decisions, the plaintiff cannot plausibly raise an inference of discriminatory intent unless the plaintiff can demonstrate, by way of more favorable treatment of the comparator, that the government's

enforcement decision was wholly irrational and could not be explained by the appropriate exercise of discretion. *See Pyke*, 258 F.3d at 109.

Even under a comparator-free theory of discriminatory application of a neutral policy, the plaintiff must plead and prove, in non-conclusory fashion, that the relevant government decision-makers intentionally applied a facially neutral law to the plaintiff specifically because of the plaintiff's race or protected characteristic. *See Clack v. Torre*, 2014 U.S. Dist. LEXIS 34578, *35 (D. Conn. Mar. 17, 2014). That is, the government actor must have possessed a "[d]iscriminatory purpose," which "implies more than intent as volition or intent as awareness of consequences" and instead "implies that the decisionmaker[s] . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Hayden v. Paterson*, 594 F.3d 150, 163 (2d Cir. 2010) (internal citations and quotation marks omitted); *see Rosario v. Town of Mt. Kisco*, 2018 U.S. Dist. LEXIS 80843, *23 (S.D.N.Y. May 11, 2018). To satisfy this discriminatory intent element, the plaintiff must do more than merely prove that community members believed there was a discriminatory bias among the relevant government officials or that a vaguely defined culture of discrimination existed in the government. *See Weinberg v. Vill. of Clayton*, 2018 U.S. Dist. LEXIS 187640, *6 (N.D.N.Y. Nov. 2, 2018); *Patterson v. City of New York*, 2017 U.S. Dist. LEXIS 126279, *31 (E.D.N.Y. Aug. 8, 2017); *Amaker v. Schiraldi*, 2017 U.S. Dist. LEXIS 166294, *23-24 (E.D.N.Y. Sept. 29, 2017); *Roman v. Velleca*, 2012 U.S. Dist. LEXIS 136946, *23-24 (D. Conn. Sept. 25, 2012). Rather, the plaintiff must plead and prove concrete specific incidents in which the government officials both applied a facially neutral law to the plaintiff based on his or her race or similar status and did so intentionally precisely because of the plaintiff's protected characteristic. *See Rosario*, 2018 U.S. Dist. LEXIS 80843, *25-26. Additionally, while slurs or negative comments made by the decision-making

16

official to or about the plaintiff during the process of applying the law to the plaintiff can sometimes be relevant evidence of discriminatory purpose, comments which do not clearly reference the protected class to which the plaintiff belongs or which are made by officials other than the one enforcing the law against the plaintiff cannot support an inference of discriminatory purpose. *See Stone v. Eamer*, 2018 U.S. Dist. LEXIS 8672, *17-23; *Golodner v. Martinez*, 2017 U.S. Dist. LEXIS 210409, *11-13 (D. Conn. Dec. 21, 2017).

Here, neither plaintiffs' nor Ms. Shea's allegations satisfy the foregoing requirements. Initially, plaintiffs' claims should still be analyzed as selective enforcement claims and denied based on their ongoing failure to show the existence of a comparator who was similarly situated in all materials respects and yet was treated more favorably by the Village. Stripped of plaintiffs' self-serving labeling of his assertions as a *Pyke* claim, the crux of plaintiffs' conclusory allegations, at least insofar as they pertain to the Village's treatment of plaintiffs, is that Village employees' individualized discretionary decisions as to whether to charge fees or swiftly grant a CO to plaintiffs were unfavorable in comparison to the treatment accorded to unspecified other people. This is clearly a selective enforcement claim, and plaintiffs should be required to plead and prove sufficient facts about the Village employees' conduct and other specific individuals subject to the relevant Village Code requirements to demonstrate that the Village treated a comparator, who was similarly situated to plaintiffs in all material respects except for their religion, more favorably than plaintiffs. *See Jones v. J.C. Penney's Dep't Stores*, 2007 U.S. Dist. LEXIS 104120, *19-21 (W.D.N.Y. Jan. 22, 2007); *cf. Muhammad v. Maduekwe*, 2016 U.S. Dist. LEXIS 25826, *26 (S.D.N.Y. Feb. 29, 2016); *Barua v. City of New York*, 2016 U.S. Dist. LEXIS 179610, *33-34 (Dec. 28, 2016). Instead of identifying other comparators, as they should do, plaintiffs have decided to identify other ongoing lawsuits as the basis of their claims, severely prejudicing the

17

Village by trying to dispense with the need to present an essential element of their claims and simultaneously force the Village to defend against the allegations of three sets of complainants in a single proceeding. Not only does this tactic fail to set forth a proper claim, as viewed in light of the true nature of plaintiffs' allegations, but it also constitutes an unprecedented abuse of Rule 60(b).

Even if framed as a *Pyke* claim, plaintiffs' allegations fail to make out a valid cause of action. For the most part, plaintiffs, Ms. Shea and the Klein complainants allege that Village officials generally responded to FOIL requests by Jewish residents more slowly (D.E. #30-3 at 23-24; D.E. #31 at ¶¶4-5), maintained a vaguely defined "us vs. them" culture (D.E. #30-2 at ¶¶7, 9-11), or were believed by certain members of the community to provide slower or less responsive service to Jewish residents seeking land-use permits (D.E. #30-4 at 19-20). The Klein complainants also allege in wholly conclusory terms, without supporting facts, that Village officials have used a variety of code enforcement techniques to discriminate against Orthodox Jews. *See* D.E. #30-5 at ¶¶8, 10, 32-33, 39-42. But such conclusory allegations of a general habit of slow responses to Jewish residents' applications and similarly conclusory accusations of an anti-semitic culture among Village officials, all based on vaguely sourced community opinion or mere conclusions espoused by a disgruntled former employee, cannot constitute the requisite allegations and evidence of specific instances in which the Village officials discriminated in their application of the Village Code to plaintiffs based on religion. Nor do these vague accusations suffice to show that the officials undertook those actions with a discriminatory purpose.

Plaintiffs, Ms. Shea and the Klein complainants make some other allegations, but none of them reveal discriminatory enforcement of the Village Code against plaintiffs based on a clear discriminatory motive. For example:

18

7389773v.1

--Plaintiffs' allegation that Mr. Zummo issued a stop work order to plaintiffs at Mayor Yagel's behest without doing the same to a friend of the Mayor's would show, at most, disparate treatment (though even that is not supported with sufficient facts) and not the discriminatory purpose required by *Pyke* (*see* D.E. #30 at ¶¶10-11);

--Plaintiffs' allegations that the Village refused to provide a tax refund and demanded payment for snow removal show no disparate treatment based on religion or discriminatory purpose, and state law specifies that the Village should credit a tax refund in the following year (*see* D.E. #30 at 12-13; N.Y. Real Property Tax Law § 556(6));

--Ms. Shea's claims that Mayor Yagel dared Mr. Manes to sue the Village and that Ms. Shea was later told not to be polite or talkative with plaintiffs because of their suit against the Village, do not show any particular enforcement of the law against plaintiffs, much less a discriminatory one, and instead show, at most, that the Mayor disliked plaintiffs because of their suit against the Village, which is hardly tantamount to a constitutional violation (*see* D.E. #30-3 at 16-17, 27);

Plaintiffs' and the other litigants' allegations are in the same mold and likewise fail to demonstrate that the particular official who enforced the law against plaintiffs did so in a discriminatory manner and harbored a discriminatory purpose.

Plaintiffs cannot show that Mr. Zummo, the independent official who was actually in a position to delay or deny their CO and determine the appropriate fees to be paid by plaintiffs, engaged in discriminatory enforcement of the facially neutral Village Code against plaintiffs based on their religion and out of a discriminatory motivation. Thus, plaintiffs have no *Pyke* claim. Moreover, based on the legal principles and arguments set forth in the Village's motion to dismiss the SAC, it is clear that plaintiffs still have not identified comparators who are similarly situated to them in all material respects relevant to the enforcement of CO and slope requirements in the Village Code, and hence plaintiffs have no selective enforcement claim, no class-of-one claim, no free exercise claim and no claim sufficient to overcome qualified immunity or limits on municipal liability for the acts of employees. *See* D.E. #19 at 8-23.

**C.  Plaintiffs Cannot Obtain Relief Under Rule 60(b)(3)**

19

Plaintiffs assert that the Village kept its records in a disorganized condition and did not search the basement of Village hall for documents responsive to Mr. Manes' FOIL requests, supposedly preventing him from identifying comparators for his selective enforcement claim. Thus, plaintiffs allege, the Village engaged in misconduct in this case which justifies vacating the judgment based on Rule 60(b)(3). *See* D.E. #29 at 20-22. But plaintiffs' allegations are insufficient to justify relief under Rule 60(b)(3).

At the outset, plaintiffs offer only <u>allegations</u> that the Village did not properly respond to Mr. Manes' FOIL requests, not proof, and therefore they have failed to present any evidence of misconduct at all, much less the "clear and convincing evidence" of "fraud . . . or other misconduct" required by Rule 60(b)(3). *Catskill Dev., L.L.C.*, 286 F. Supp. 2d at 312. Specifically, Mr. Manes and Ms. Shea offer only allegations, not evidence, of FOIL violations in their declarations in support of the instant motion, and with the exception of a single unremarkable response to one FOIL request, they do not submit any documentary proof or sworn testimony substantiating their claims of misconduct. As a result, even assuming *arguendo* that they have alleged misconduct within the purview of Rule 60(b)(3), plaintiffs and Ms. Shea have not proven such misconduct by clear and convincing evidence. *See Tyson v. Ozmint*, 246 F.R.D. 517, 521 (D.S.C. 2007) ("But unsupported allegations of fraud alone, without evidence, are not grounds for vacating a judgment under Rule 60(b)(3)"); *Brodrick*, 1997 U.S. Dist. LEXIS 8519, *4 ("Plaintiff's claim that her counsel was in collusion with the defendants because they are all Jewish certainly needs to be supported by evidence beyond plaintiff's totally unfounded allegation. Absent corroborative evidence, relief under Rule 60(b)(3) can not be granted."); *Spaulding v. New York City Dep't of Educ.*, 2016 U.S. Dist. LEXIS 179973, *12 (E.D.N.Y. Dec. 28, 2016); *Jedrejcic v. Croatian Olympic Comm., Coca-Cola Co.*, 190 F.R.D. 60, 87 (E.D.N.Y. 1999) (denying motion

because "any allegation regarding theft of evidence has not been sufficiently substantiated with clear and convincing evidence."); *State St. Bank & Trust Co. v. Inversiones Errazuriz, Limitada*, 2003 U.S. Dist. LEXIS 6560, *2-3 (S.D.N.Y. Apr. 17, 2003), aff'd 374 F.3d 158 (2d. Cir. 2004).

Plaintiffs have also failed to show that they could not have discovered the information on which they now rely to support their claim of misconduct at the time of the dismissal of the SAC. *See Philips Lighting Co.*, 636 Fed. Appx. at 58; *Matrix Polymers*, 2017 U.S. Dist. LEXIS 2358, at *15; *Sheet Metal Workers' Nat'l Pension Fund*, *65 (E.D.N.Y. May 27, 2016). Again, the only document submitted in support of this motion, an uncertified copy of the Village's response to a FOIL request by Mr. Manes for information about a lot at 29 High Mountain Road, is dated January 9, 2017, which was over a year before this Court dismissed the SAC. *See* D.E. #30-6.[3] Additionally, plaintiffs and Ms. Shea do not specify any other dates on which the Village's alleged failure to adequately search for documents responsive to plaintiffs' FOIL requests occurred, thereby failing to prove by clear and convincing evidence that plaintiffs did not know, or could not have known, that the Village was providing inadequate responses and keeping inadequate records in relation to plaintiffs' FOIL requests. Therefore, plaintiffs have failed to prove by clear and convincing evidence that they could not have discovered the Village's alleged misconduct in failing to comply with FOIL. *Travelers Cas. & Sur. Co.*, 228 F.R.D. at 132 (denying Rule 60(b)(3) motion based on movant's lack of diligence in failing to make discovery requests for the allegedly withheld documents or seek court intervention when it should have known of withholding).

---

[3] Specifically, plaintiffs submitted a photograph of a form containing both Mr. Manes' FOIL request dated January 4, 2017, and the Village's response signed by Ms. Shea and dated January 9, 2017. See D.E. #30-6. Mr. Manes' request broadly sought "All info on lot 25.06-1-11" and "25.06," and Ms. Shea responded that there was "No File" for the request. D.E. #30-6. Of course, the fact that there was apparently no file for the lot in question does not prove that the absence of the file was due to any misconduct by the Village. Rather, it could be due to other factors (i.e., there was no activity on the lot, such as a permit application, that would generate a file). If anything, the response shows a forthright disclosure on the part of the Village within the five-day period required by state law for a response, and not a deliberate attempt by the Village to withhold information in its possession. *See* D.E. #30-6; 19 NYCRR 80.4(d).

21

Furthermore, even if plaintiffs' mere allegations could be accepted on a Rule 60(b)(3) motion, the Village's alleged poor organization and lack of diligence regarding FOIL requests does not constitute the sort of misconduct that would justify vacating the judgment of dismissal. Generally, there are two situations in which a plaintiff can obtain relief under Rule 60(b)(3) based on the defendant's egregious failure to disclose evidence: (1) the plaintiff files a lawsuit under FOIA (the federal equivalent of New York's FOIL) and, after an adverse judgment, discovers evidence that the defendant deliberately violated FOIA; and (2) the plaintiff makes a demand in discovery in a lawsuit and the defendant engages in egregious conduct depriving the plaintiff of the material requested in the discovery demand. *See Travelers Cas. & Sur. Co.*, 228 F.R.D. at 131-32; *Sack v. CIA*, 53 F. Supp. 3d 154, 177-79 (D.D.C. 2014). However, there appear to be no cases holding that, where a plaintiff files a lawsuit which is not based on FOIL and then files separate FOIL requests outside of litigation to obtain evidence for use in litigation, the defendant's alleged failure to adequately search for the requested information or maintain its files justifies the vacatur of the judgment under Rule 60(b)(3). Since a defendant's failure to comply with FOIL is not misconduct which occurs within the federal lawsuit that resulted in the challenged judgment, the defendant's non-disclosure under FOIL is not a proper basis for a Rule 60(b)(3) motion in a lawsuit which was not commenced under FOIL. Indeed, a plaintiff already possesses a state-law remedy to cure non-compliance with FOIL, namely an independent state-court action under N.Y. Public Officers Law § 87 and N.Y. C.P.L.R. Article 78 rather than a motion to vacate a federal judgment under Rule 60(b)(3). *See* N.Y. Public Officers Law §§ 87(4); 87(5); N.Y. C.P.L.R. 7801; 7803. Therefore, here, plaintiffs cannot rely on the Village's alleged failure to adequately search for and disclose records under FOIL, which occurred outside the legal proceedings in this litigation, to seek vacatur of the judgment dismissing the SAC.

At any rate, even if the alleged FOIL violations were a cognizable form of misconduct under Rule 60(b)(3), plaintiffs have failed to prove by clear and convincing evidence that such violations were severe misconduct, comparable to fraud, that prevented plaintiffs from fully presenting their case. Plaintiffs and Ms. Shea do not claim that the Village knowingly possessed documents responsive to Mr. Manes' FOIL requests and deliberately hid them. Rather, they allege that the Village maintained poorly organized files and did not look for files in the basement of Village hall – which, by Ms. Shea's admission, was not used to store property records (*see* D.E. #31 at ¶ 5) – thereby neglecting to maintain and fully search for records that might or not might be responsive to Mr. Manes' FOIL requests. *See* D.E. #30 at ¶¶ 21-30. But even if those allegations were true – and could somehow qualify as actual evidence – they would show that the Village, at most, inadvertently failed to perfectly maintain its files and search for responsive documents, which is simply not the sort of severe and typically intentional misconduct that can support a Rule 60(b)(3) motion. *See Sack v. CIA*, 53 F. Supp. 3d at 177-79 (plaintiff not entitled to relief under Rule 60(b)(3) where "[t]here is no evidence—much less clear and convincing evidence—that this [non-disclosure] was anything but an oversight in connection with negotiations regarding a far-ranging FOIA request."); *Best*, 2018 U.S. Dist. LEXIS 29666, at *13-15 (finding that an alleged misrepresentation, made without bad faith, was not misconduct supporting a Rule 60(b)(3) motion); *Secured Worldwide, LLC*, 2017 U.S. Dist. LEXIS 130018, at *17-19 (denying 60(b)(3) motion based on failure to produce documents and a witness in the absence of bad faith or knowledge of the unproduced documents on the part of the defendant).

Certainly, plaintiffs have not proven that the Village's record-keeping prevented them from fully and fairly presenting their case, for they have failed to show that, with a more thorough search of better organized records, they would have found records revealing the existence of valid

23

comparators for purposes of their selective enforcement and class-of-one claims.  Indeed, given that plaintiffs owned most of the properties about which they sought Village records (*see* D.E. #30 at ¶¶ 21-24), they have failed to demonstrate that they could not have learned about relevant characteristics of the potential comparator properties from their own records, their own surveys or observations and records provided by the sellers of the properties, without the need to search Village records. *See generally (In re PBS Foods, LLC)*, 718 Fed. Appx. at 90; Croons, 304 F.R.D. at 105.  And, since plaintiffs evidently knew about the Village's alleged non-compliance with FOIL when they were preparing the SAC and prior to the dismissal of the case (*see* D.E. #30 at ¶ 21), they could have sought court intervention to obtain the requested information prior to the entry of the judgment of dismissal, such that any failure to fully present their case was due to their own lack of diligence in seeking relief.  Consequently, plaintiffs cannot credibly claim that the Village's purported lack of diligence in complying with FOIL constituted misconduct justifying the vacatur of the judgment.[4]

### D. Even if Plaintiffs Could Vacate the Judgment, They Cannot Be Granted Leave to Amend

Finally, even if plaintiffs could somehow establish their entitlement to relief under Rule 60, they cannot be permitted to amend their complaint because they have not submitted a proposed amended complaint, which is a pre-requisite to obtaining permission to amend the complaint under Rules 60 and 15. *See McFadden v. Grand Union*, 1994 U.S. Dist. LEXIS 1994, *2-3 (S.D.N.Y. Feb. 18, 1994); *Goldstein v. MCI Worldcom*, 340 F.3d 238, 259 (5th Cir. 2003); *see also State Trading Corp. of India Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990).

---

[4] Plaintiffs' only allegation of intentional interference with the Village's records is their claim that Mr. Zummo admitted to Mr. Manes that Village staff placed notes reflecting plaintiffs' obligation to pay the Village consulting services, which had not originally been in the file for plaintiffs' property at 22 High Mountain Road, in the file for that property. *See* D.E. #30 at ¶ 30. But, again, this is an allegation, not clear and convincing evidence. Furthermore, the staff's alleged improper placement of the notes in the file did not prevent plaintiffs from fully presenting their case because plaintiffs nonetheless repeatedly alleged in the SAC that they never owed the Village the relevant fees for consulting services. *See* SAC at ¶¶ 16-19, 21.

24

Moreover, plaintiffs should not be permitted to offer any new factual allegations, evidence or proposed amendment in reply on any issue raised by their motion, for they have failed to carry their burden as movants and it would greatly prejudice the Village to prevent it from responding to new evidence and assertions.

### Conclusion

For the reasons stated above, this Court should deny plaintiffs' motion in its entirety.

Dated:   White Plains, New York
         December 14, 2018

                                        Respectfully submitted,

                                        WILSON, ELSER, MOSKOWITZ,
                                        EDELMAN & DICKER LLP
                                        *Attorneys for Defendants*

                                        Janine A. Mastellone
                                        John B. Martin

                                        1133 Westchester Avenue
                                        White Plains, NY  10604
                                        (914) 323-7000
                                        Our File No.  00295.12564